Sewall, J.,
delivered the opinion of the Court.
The purposes of this motion are, we have no doubt, within the legal discretion and authority of this Court by virtue of their superintendence of all legal proceedings depending before them. There is a statute provision for a set-off of cross executions, where the creditor in one exception is debtor in another. (1) The same equitable arrangement is more conveniently effected in the manner proposed by this motion ; where at the same term cross actions are depending for mutual debts between the plaintiffs and defendants respectively.
Against the rule proposed to be entered in these cases, the counsel in the action depending in the name of Coates shows cause; and alleges that suit to have been commenced upon a demand, which has been assigned, for a valuable and adequate consideration, and to be now prosecuted for the benefit- of certain creditors of Coates, he being an insolvent person ; and further, that the promissory note, demanded by Makepeace in his suit, was purchased by him *376 after the known failure of Coates, although before the assignment of his effects, including the demand in question, was executed.
It is obvious, upon this statement, that the interference of the Court, in the summary way proposed, may operate to the prejudice of persons beneficially interested in the demand prosecuted in the name of Coates; and that we may thus preclude an investigation, in a case where the equitable rights of Coates’s other creditors ought to be preserved.
* Without discussing, therefore, the merits of the question thus arising between the real parties in these suits, it is enough, in deciding upon the motion submitted to us, to say, that the present is not a case where the Court ought to interfere by any judicial act, out of their ordinary course of proceedings ; whatever might be their authority in a case where the exercise of an equitable and legal discretion would be liable to no reasonable objection, or any uncertainty as to the rights of the parties con cerned.

 Stat. 6 Geo. 2, c. 2.