Parker, C. J.
We consider it to have been settled in the case between Makepeace & Coates (1), that this Court has the authority upon which this motion is predicated. It is stated, in the report of that case, to have been laid down by Sewall, J., speaking for the Court, that they had no doubt the purposes of the motion were within the legal discretion and authority of the Court, by virtue of ther superintendence of all legal proceedings pending before them. Ana the statute, recently made, (2) providing that sheriffs, &c., may set off one execution against another, presents no more reason [*197] against the exercise of this jurisdiction, than did the * former provincial act of 6 Geo. 2, c. 2, which was in force at the time of the decision above cited.
Nothing can certainly be more inequitable than that a man, having a judgment against another, to whom he is indebted by judgment in a larger sum, should be able to execute his judgment upon his debtor, and leave him to the hazard of obtaining satisfaction from one who may be insolvent. The statute provision is undoubtedly useful where circumstances may not have permitted the parties to *175 make the set-off in court; as, where the judgments are rendered in different courts ; but, when the adverse judgments are both rendered in this court, it is much better that the adjustment should take place here, than with a sheriff or his deputies, who may not at all times be competent to decide the questions which may arise on an attempt to set off.
The only question, therefore, upon such a motion will be, whether the party is legally and equitably entitled to a set-off. In the case before us there could be no question, had not an assignment interposed ; for the judgments are between the same parties. It is no objection, that the judgment recovered by Hatch was originally against David Greene and another ; for the whole debt was owed by each, and the judgment could be enforced against either of them.
The Court would undoubtedly protect an assigned debt in the hands of the assignee, against a judgment obtained by the debtor upon a demand subsequent to notice of such assignment;† for such subsequent demand purchased, or voluntarily acquired, might be considered fraudulent against the assignee. But, when the judgment claimed to be set off is founded upon a demand coeval with the one against which it is offered, equity would not require that an assignee should enforce the judgment against the rights and interest of the judgment debtor.
The assignee ought to be placed in as good a situation as the assignor would have been in without the assignment, * [ * 198 ] but no better; otherwise, in protecting the assignee of a chose in action, much injury may be done. In an equitable point of view, where there are counter demands subsisting, liable to be set off against each other, one only is the debtor, namely, he against whom a balance would remain.
In the present case, long before the assignment was made to Smith, David Greene was the debtor of Hatch in a large sum of money. Hatch recovered judgment against him, and levied his execution upon land supposed to be Greene’s, and the judgment was believed to be satisfied. But the title to a part of the land levied on was not in David Greene ; so that in that part nothing has passed to Hatch by the levy. He has since been evicted by those who had the title. He has brought his action upon the judgment, and has recovered a sum equal to the value of the land so levied upon by mistake. That action must have proceeded upon the ground, that for so much the judgment was never satisfied ; so that, from the time of the rendition of the first judgment, Greene was the debtor of Hatch. After Greene’s death, his administrator sued Hatch upon a smaller demand, and recovered judgment. Greene died insolvent *176 Had there been no assignment, could Greene's creditors have resisted a motion to set off the smaller sum against the larger ? They certainly could not; for it would have been exceedingly unjust to compel Hatch to pay the whole sum, and then receive a small dividend on the very money he had paid, perhaps the only money to be divided.
The assignee of Greene ought to be in no better condition than his creditors would be if there were no assignment ; as Hatch's demand was subsisting when the assignee purchased the debt, and he also had notice from Hatch that Greene was indebted to him in a larger sum than the debt which was assigned.
We think it very clear that there ought to be a set-off; and an entry to that effect must be made upon the record.†

 1 Mass. Rep. 451

 Stat. 1810 c. 84.

 [See Rev. Stat., Chap. 96, § 10-Ed.]

 Jones vs. Witter, 13 Mass. Rep. 104. — Gardner vs. Corson, 15 Mass. Rep. 504.— Jenkins vs. Brewster, 14 Mass Rep. 291.— Winslow vs. Hathaway, 1 Pick 211.— Adams & al. vs. Manning & al., 17 Mass. Rep. 178. — Goodnow vs. Buttrick, 7 Mass. Rep. 140. — Makepeace vs. Coates, 8 Mass. Rep. 541. — Barrett vs. Barrett, 8 Pick. 342.