Curia.

It is not pretended, by the counsel for the plaintiff that to acquired a title to this note by virtue of the sale on the execution, although it should seem that the plaintiff himself supposed a title so acquired was valid.
But the note was put into his hands as a pledge, with the name of the promisee endorsed upon it, and it was a negotiable * note in its form. This was a transfer, sufficient to enable the plaintiff to maintain the action; for the endorsement comprehended an authority to bring a suit, and to receive the money of the promisor. Otherwise, upon non-payment of the debt by the endorser, the plaintiff had no security.
The note being due when endorsed, the defendant might have shown in evidence that it was paid. But the facts proved contain no such evidence. There was an unsettled account between the maker of the note and the promisee, on which a balance has been found due to the former. For this, however, he has recovered his judgment; so that the note cannot be paid by this account; and the referees excluded the note from their consideration, because it was not in the hands of the payee.
The note being negotiable, having been endorsed for a valuable consideration, and there being no proof that it has been paid, the plaintiff is of course entitled to recover; and having received it as a pledge for the payment of the execution, he must account to the endorser for the proceeds.
There is nothing in the case which would have constituted a defence, if Hodge himself had been the plaintiff; and the only remedy would have been under the statute authorizing the officer to set off one execution against the other. (1) This remedy cannot be applied in this case, because the plaintiff and defendant are not mutual debtors, (a)

 Stat. 1810, c. 84.

 Vide Hatch vs. Green, 12 Mass. Rep. 195. — Jones vs. Witter, 13 Mass. Rep. 304 .— Jenkins vs. Brewster, 4 Mass. Rep. 291. — Gardner vs. Corson, 15 Mass. Rep. 504 — Sargent vs. Southgate, 5 Pick. 320.