## JONATHAN HOLMES *v.* JOHN ROBINSON.

Judgments, in the same rights may be set off, on motion; but in a case where different interests are involved, it ought not to be done.

THIS was a motion made by Holmes to have a set-off of certain

G. W. Doan, in support of the motion.

J. Olds, against it.

By the Court:

The practice of setting off one judgment against another, between the same parties, and due, in the same rights, is ancient and well established. Some of the adjudged cases go upon the principle of extending the statutes of set-off in their spirit of equity and justice. Others hold the exercise of the power, independent of the statutes of set-off, and rest it upon the general jurisdiction of a court over the cause and the parties, when before them. Of the first class of cases, we may cite 3 Wil. 296; 2 Black. 826; 2 Bos. & Pul. 28; 2 Caine, 190. Of the latter, 4 Term, 123; 1 Johns. Ch. 91; 6 Serg. & Rawle, 443; 8 Mass. 451.

But in order to warrant the set-off, it seems to be equally well settled that the actual debts must exist in the same right. This is clearly settled in the cross-cases of Duthy *v.* Tito and others, Strange, 1203. There were verdicts in both cases for the defendants, and Tito moved to set off the costs, recovered by himself and co-defendants of Duthy, against the costs recovered by Duthy of Tito alone. But his motion was refused. Chancellor Kent considers this the true rule, both at law and in equity. Duncan *v.*

Lyon, 3 Johns. Ch. 451; 2 Burr. 1214; 1 Atkins, 237; 2 Merivale, 121.

It is perfectly clear, both from the record and the other proof, that Reed has an interest in the judgment against Holmes. He does not appear before us, nor does it appear that he has had notice of the motion. He may be injuriously affected by a decision on the merits of the motion. This summary mode of exercising the legal or equitable power of the court is not the most proper, when there is an uncertainty as to the rights of parties. 8 Mass. 451. The motion must, therefore, be overruled.