Gould v. Parlin.

### GOULD vs. PARLIN, *Sheriff, &c.*

Whether, where the creditor in one execution is joint debtor with others in another execution, the officer, having both in his hands, is bound, by *Stat.* 1821, *ch.* 60, *sec.* 4, to set off one aginst the other, at the request of such creditor;—*dubitatur.*

If a party has once applied to the discretion of the court, by motion, to set off one judgment against another, which was refused, after a full hearing on the merits; he cannot afterwards maintain an action against the sheriff to whom both executions have been delivered, for refusing to set off the executions in the same manner.

*Aliter,* if the court declined interfering at all in the matter, in that summary mode.

In this action the plaintiff declared that whereas he had put for collection into the hands of the defendant, being sheriff of this county, an execution in his own favor against one *Benjamin Adams*, for twelve hundred and sixty-nine dollars and forty-five cents; and *Adams* had placed for collection, in the hands of the defendant, an execution in his favor against the plaintiff as principal, and several others as sureties, for three hundred and ten dollars and ninety-five cents; and the plaintiff requested the defendant to satisfy the last mentioned execution by offseting against its amount so much of the plaintiff's execution against *Adams*; yet the defendant refused so to do; and returned the plaintiff's execution wholly unsatisfied; the plaintiff being compelled to pay the full amount of the other.

The defendant pleaded in bar that at the same term in which both said judgments were recovered, the plaintiff moved the court to allow the one to be set off against the other; upon which motion the

merits were fully heard; and the court, at the ensuing *July* term in *Washington*, made the following order :—" In the action *Benjamin Adams vs. Joshua Gould & als.* continued *nisi* from the last term in the county of *Somerset*, the clerk of this court for that county is ordered to make the following entry in his docket of that term, under said action, viz : And now, on application of said *Gould*, and a hearing of the parties, it appears that said *Adams* is equitably and beneficially interested in the sum of one hundred and fifty dollars only, in part of the penalty of said bond for which judgment is rendered; and that the sureties of said *Adams* are equitably and beneficially interested in the residue of the damages to which said *Adams* is nominally entitled, being the sum of three hundred and ten dollars and ninety-five cents. It is therefore considered by the court here that said *Adams* have execution against the defendants for said sum and no more, with costs. And it is hereby ordered by the court, that said sum of one hundred and fifty dollars be and the same is hereby set off against and in satisfaction of so much of the damages recovered at this term in the action of *Joshua Gould vs. Benjamin Adams*, which damages are twelve hundred and sixty-nine dollars and forty-five cents; leaving a balance of damages due to said *Gould*, of eleven hundred and nineteen dollars and forty-five cents; for which sum judgment is to be rendered in favor of said *Gould*. And it is further ordered by the court, that said clerk make the following entry in his docket of last term, under the action *Joshua Gould vs. Benjamin Adams*, viz : Judgment for the plaintiff, $1119,45 ; the residue of the damages found by the verdict, being one hundred and fifty dollars, having been set off against so much of the damages in the case of *Benjamin Adams vs. Joshua Gould & als.* this term ; and costs." And that the defendant, being furnished with a copy of said order, refused to make the set-off required by the plaintiff. To this there was a general demurrer.

*Sprague* and *Tenney* for the plaintiff.

*Allen* for the defendant.

WESTON J. delivered the opinion of the Court.

We do not deem it necessary in this action, to determine the question whether the statute offset, upon which the plaintiff attempts to establish a failure of duty on the part of the defendant is, or is not, limited to executions, where the parties are identical. The cases cited for the plaintiff, decide that a several creditor in one judgment or execution, being a joint debtor with others, in another in favor of his debtor, may, if he chooses so to do, offset his judgment or execution against that wherein his debtor is creditor. The statute duty imposed upon the officer, is not made to depend upon the consent of either party. Where he has cross executions in the same capacity and trust, he is empowered and directed to offset them. *Stat.* 1821, *ch.* 60, *sec.* 4. And while the courts, in the exercise of their discretion, may offset judgments, like those now presented to our consideration, the right and duty of the officer to offset executions, issuing upon such judgments, has been doubted. Unless this was his duty, the plaintiff cannot prevail.

But without deciding this question, we are well satisfied that the defence is sustained upon another ground. The right of offset, and its limitation, has already been deliberately and solemnly decided by the court, upon the application of the plaintiff. He appealed to the superintending power of the court over their proceedings, and they, after hearing the parties, and taking time for consideration, afforded all the relief which they deemed consistent with the justice of the case. Of this he had the benefit; but because it fell short of his claims and expectations, he calls upon the officer, who has acted in accordance with the determination of the court. It would present a singular anomaly in the administration of justice, if under these circumstances, he is not to be protected. An agreement to refer an action, made a rule of court, cannot be waived or rescinded by either party, even before a hearing. *Haskell v. Whitney*, 12 *Mass.* 47. It would be very extraordinary, if the submission of a question to the court, in the regular exercise of their judicial power and authority, is without binding efficacy, after they shall have decided.

Gould *v.* Parlin.

The plaintiff was under no obligation to take the course he did. It was voluntary on his part ; and he must be bound by it.

It is a familiar principle of law, that if a party resorts to one of several remedies, or to one of several courts of concurent jurisdiction, and there follows a determination, sentence, decree or judgment, after a trial or examination upon the merits, according to the course of judicial proceedings upon the remedy sought, and in the tribunal selected, the controversy is closed, and the determination is definitive ; unless there lies an appeal to a higher jurisdiction. The equity of this rule, as applied to the party electing and pursuing the remedy, is very manifest ; but it is equally binding upon the party held to answer, or who has an opportunity to be heard. And this upon a principle of public policy, that suits and controversies, once legally terminated, should remain at rest.

If the parties in the cross executions are not in the same trust and capacity, the offset is not to be made. It was the objection apprehended from this exception, which probably induced the plaintiff to appeal to the discretion of the court, and they, having the parties before them, had means of determining this question, which the sheriff had not ; and possessing the jurisdiction, they could settle it effectually. There was, therefore, great convenience in the course pursued in relation to these judgments, before execution.

The courts may sometimes deem it expedient to decline interfering in a summary mode ; as in *Makepeace v. Coates,* 8 *Mass.* 451. If they do, the rights of the parties remain unaffected. But in that case the authority of the court was asserted, while its exercise was refused. *Plea in bar adjudged good.*