## Burns *against* Thornburgh.

To set off one judgment against another is not a *legal* power, nor is its exercise demandable of right : it is discretionary, and the propriety of its exercise cannot be questioned upon a writ of error.

WRIT of error to the court of common pleas of *Alleghany* county.

In an action of *trespass vi et armis*, George Thornburgh, on the 22d of December 1829, obtained judgment in the court below, upon an award of arbitrators, for 30 dollars damages, against Alexander, Henry and John Burns, the plaintiffs in error. On the 30th of December 1829, 20 dollars of this judgment were assigned to George Watson and Walter Forward, attorneys for Thornburgh; and, on the 31st the balance, together with the plaintiff's bill, were assigned by Thornburgh to Robert Cain. Before a justice of the peace, M'Clelland had obtained, on the 14th of February 1825, a judgment *for 62* dollars and 30 cents against Thornburgh. On the 23d of December 1829 this judgment was assigned to Burns, the plaintiffs in error, by whom a transcript was taken and filed in the prothonotary's office on the 28th of December 1829. On the 30th of December the judgment obtained by Thornburgh against the plaintiffs in error, was, on motion, set off against so much of the judgment in the case of M'Clelland for use against Thornburgh. On the 13th of January 1830, the debt, interest and costs, except prothonotary's, amounting to 59 dollars and 66 cents, of the Thornburgh judgment, were set off on the M'Clelland judgment agreeably to the order of court. A rule was then taken, on the 14th of August 1830, to show cause why the set-off should not be set aside. This rule was made absolute to the extent of the transfer of 20 dollars of the judgment for the fees of the attorneys. To this order exception was taken by the counsel of the defendants below.

*Burke*, for plaintiffs in error, contended, that attorneys had no lien on the judgment for their fees : and that the writ of error, in this case, could be sustained. Wellock *v.* Cowan, 16 *Serg. & Rawle* 318; Fitzgerald et al. *v.* Caldwell et al., *Add. Rep.* 119, 120 ; Clason *v.* Shotwell, 12 *Johns.* 31.

*Watson*, for defendant in error, was stopped by the court.

Per Curiam.—The revocation of the order to defalcate, is but equivalent to a refusal to defalcate in the first instance, which is not the subject of a writ of error. The power to set one judgment against another, is an inherent one, and the only *equitable* power

[Burns v. Thornburgh.]

which the common law courts originally possessed.   Not being conferred by the statute, it is not a legal power, nor its exercise demandable of right ; and being discretionary, the propriety of its exercise cannot be questioned here, where we are incompetent to judge of the circumstances.

Writ quashed.