JOHN N. AMES *vs.* JESSE D. BATES & trustee.
JOSEPH L. FREEMAN & another *vs.* JOHN N. AMES & trustee.

Bristol. Oct. 28, 1875. — Jan. 10, 1876. MORTON & LORD, JJ., absent.

W. purchased of A. a claim against B., pending an action by A. upon the claim. B. had previously purchased a claim against A., and had given notice thereof to A. Suit was brought thereon by B. in the name of the assignor, in which W. appeared as adverse claimant of funds in the hands of B. summoned as trustee. At the time of his purchase of the first claim W. had no knowledge of the claim against A. *Held,* that judgment for the plaintiff in the second action could not be set off against judgment for the plaintiff in the first action.

TWO ACTIONS OF CONTRACT. In the Superior Court before *Wilkinson*, J., judgment was rendered for the plaintiff in each action, and a motion was made by Bates, the defendant in the first action and equitable owner of the judgment in the second action, that the judgment in the second action be set off *pro tanto* against the judgment in the first. The judge overruled this motion; and Bates alleged exceptions. The facts of the case appear in the opinion.

*E. Ames*, for Williams.

*J. Daggett*, for Bates.

DEVENS, J. The equitable owner of the judgment in the first of these actions is Earl S. Williams, who purchased of Ames the claim upon which it is founded, after the commencement by him of the action thereon. This purchase was made subsequently to the purchase by Bates, the defendant in the first action, of the claim of Freeman and another against Ames, which is the foundation of the second judgment, and notice thereof to Ames. Bates purchased this claim after action had been brought by Ames against him, so that it could not have been used in set-off in that action, the statute only permitting demands not negotiable to be so used when a party has become the equitable owner thereof and given notice to the plaintiff before the commencement of his action. Gen. Sts. c. 130, § 5. At the time Williams made his purchase he had no knowledge that there was any such claim against Ames as that of Freeman and another. Judgment was recovered in the first action by Williams in the name of Ames against Bates for the sum of $120.18, with costs, and Bates having brought an action in the name of Freeman and another, recovered judgment against Ames in the second suit for the sum of $83.99, and moved in the Superior Court that the latter judgment should be set off *pro tanto* against the former, which motion was refused by the presiding judge.

While there is no express statute authority for setting off judgments where the creditor in one action is the debtor in another, except in a limited number of cases, Gen. Sts. c. 126, §§ 2, 3, 5, yet this power has been frequently exercised by courts of law, and rests upon their jurisdiction over suitors in them and their general superintendence of proceedings before them. *Makepeace* v. *Coates*, 8 Mass. 451. *Greene* v. *Hatch*, 12 Mass. 195.

Such a power is only to be exercised upon careful consideration of all the circumstances of the transactions out of which the judgments arise and in order to protect the just rights of parties.

In the present case the nominal parties to the judgments are not the same, nor is the equitable owner of the judgment recovered in the name of Ames, the defendant in the suit of which Bates is the equitable owner. But even if Ames had continued to be the owner of the judgment recovered in his name, it might well be questioned whether Bates should be permitted to set off against it the judgment recovered by him in the name of Freeman and another, when he could not have set off the claims upon which the judgments were founded. The reason why a party is not permitted by the statute to set off such claims may fairly be presumed to be, that it is not just that one should be encouraged instead of paying his own debt to seek out claims against his creditor in order thus to change the position of parties *pendente lite*, and this reason is equally applicable to judgments which may afterwards be obtained upon such claims.

However this might be as to Ames himself, it is clear that as to the assignee of Ames, Bates should not be allowed to effect this change. When the equitable rights of third parties would be affected by an offset of this character, it is not to be made to the injury of intervening rights honestly acquired. *Greene* v. *Hatch*, *ubi supra*. *Zogbaum* v. *Parker*, 55 N. Y. 120. *Gay* v. *Gay*, 10 Paige, 369. *Ramsey's appeal*, 2 Watts, 228.

When the assignee bought the claim sued by Ames, he took it subject to all legal defences and also to all demands which might properly have been pleaded in offset to or diminution of it, but the right thus acquired should not be defeated either wholly or partially, even if it be assumed that Bates having purchased a claim against his creditor which had no relation to and did not grow out of the claim sued, might have been permitted by leave of the court if he had recovered judgment thereon, to offset it against the judgment recovered by his creditor. The assignee having no knowledge of any such claim, could have contemplated no' contingency so remote as this, and to permit the offset would be to disregard his just rights.

We have not considered whether the motion made by Bates was or was not a matter entirely within the discretion of the Superior Court, and its refusal therefore not properly a subject of exception, as whether this is so or not we are satisfied it was properly refused.                    *Exceptions overruled.*