DANIELS v. LEBANON.

Whether travelling in the night without a light, when the highway is wholly obscured by darkness, is want of ordinary care, is for the jury to determine in connection with all the circumstances of the case.

Whether a verdict is against the evidence, must be determined at the trial term.

A party, by consenting to a reference, under the act of 1874, c. 97, s. 13, waives the constitutional objection to the use of the report as evidence in a jury trial.

. CASE, for injuries on a highway. The plaintiff, seventy years of age and partially blind, was travelling with his son, twenty-six years of age, in an open buggy, drawn by a safe horse, the son driving, and qualified to drive by the usual experience of farmers of that age. The night was very dark, and they had no light. The alleged defect consisted of a narrow place made by a ledge on each side of the travelled path. When near this place, they turned to the right a sufficient distance to allow a team to pass, and stopped. The persons with the team shouted as they passed, frightening the plaintiff's horse so that he sprang, and in passing into the road the right wheel struck against the ledge, by which the plaintiff was thrown out and injured.

The defendants requested the following instructions : 1. If the jury find that it was so dark that the plaintiff's son, driving without a light, could not see his team, or anything, then, as matter of law, the plaintiff was not using ordinary care and diligence. 2. If the jury find that the plaintiff diverged from the travelled road without necessity, or that his horse took the same direction from natural instinct or from inability to see the road on account of the darkness, the defendants are not liable.

These requests the court declined to grant, but charged the jury that the plaintiff was bound to exercise ordinary care and diligence in everything connected with the accident ; and if he was not in the exercise of that degree of care and diligence, in attempting to go home, on account of the darkness, or without a light, or in the driving and control of the horse at and near the place of accident, and such want of care and diligence contributed in any degree to his injury, then he could not recover ; and whether there was a want of such care and diligence, and whether it so contributed, were questions for the jury to decide ; that the acts of the son, in driving, and in doing what he did at the place of accident, were the plaintiff's ; and if he was negligent, then the plaintiff was. The defendants excepted to the refusal to charge as requested.

The verdict being for the plaintiff, the defendants moved to set it aside as against law and the evidence, and requested the court to report the evidence. Motion and request denied, and the defendants excepted.

The action had been sent to a referee, who reported in favor of the plaintiff. The report was used as evidence on the jury trial, against the defendants' exception. The court found that the parties agreed to the reference and upon the referee, and appeared before him and were heard, without objecting.

*Dole* and *Barton*, for the defendants.

*Spring* and *Shirley*, for the plaintiff.

SMITH, J. The request for instructions presented as matter of law what was a question of fact. Travelling upon the highway by one

who is blind, or whose vision is defective, or when external things are wholly obscured by darkness, is not negligence in itself. There are other elements to be taken into the account. *Sleeper* v. *Sandown*, 52 N. H. 244. Nor was the divergence of the plaintiff's horse from the travelled road, whether by natural instinct, or by the act of the driver, or through inability to see the road by reason of the darkness, the only fact to be considered. The instructions requested would have required the jury to disregard all the circumstances of the case except those included in the requests. No exceptions were taken to the charge, and we do not see that any could have been taken. Whether the plaintiff exercised ordinary care and diligence in travelling upon the highway at the time and in the manner he did, and if not, whether the want of such care and diligence contributed to the injury, were questions of fact to be found by the jury, under proper instructions. *Palmer* v. *Portsmouth*, 43 N. H. 265 ; *Woodman* v. *Nottingham*, 49 N. H. 387 ; *Norris* v. *Litchfield*, 35 N. H. 271 ; *Stack* v. *Portsmouth*, 52 N. H. 221 ; *Sleeper* v. *Sandown*, 52 N. H. 244 ; *State* v. *Railroad*, 52 N. H. 528.

Whether the verdict should be set aside as against the evidence, is for the exclusive determination of the judge who tried the case. We should not have considered the evidence, if the request to report it had been complied with. *Gamsby* v. *Columbia*, ante, p. 60 ; *Fuller* v. *Bailey*, ante, p. 71 ; *Lefavor* v. *Smith*, ante, p. 125 ; *Kelley* v. *Woodward*, ante, p. 153.

The referee's report was evidence for the jury. *Deverson* v. *Railroad*, ante, p. 129 ; *Smith* v. *Fellows*, ante, p. 169 ; *Garland* v. *Towne*, ante, p. 187.

*Exceptions overruled.*

FOSTER and BINGHAM, JJ., did not sit.