CHASE v. WOODWARD.

WOODWARD v. CHASE.

A set-off of mutual judgments is made when it is equitable; and the equitable question is one of fact.

MOTION, to set off judgments.

*J. L. Spring*, for Woodward. At the time of the assignment each party had a valid legal claim against the other, both of which were in suit, and both of which passed into judgment at the same time. The assignee, at the time he took the assignment, knew that Woodward had brought suit upon his claim against Chase, and that Chase was insolvent. He may be presumed to have understood the extent of his lien as attorney; and in taking this assignment under these circumstances he was undertaking to get the whole claim of fifty odd dollars, beside the taxable costs for his services as attorney in collecting the same. While we raise no question as to the propriety of this transaction as between Chase and the assignee, we do claim that it is very far from establishing any equity in favor of the assignee which the court should enforce against Woodward, whose right to have his claim against Chase, who was insolvent, satisfied, so far as any claim of Chase against him would go, was more equitable than any other. The assignee of a chose in action, with notice, takes it subject to all equities existing at the time of the assignment. In *Sanborn* v. *Little*, 3 N. H. 539, it was held that the maker of a non-negotiable note might set off a debt due him at the time of the assignment from the payee. The claim of Woodward could not have been set off in the suit, because it did not belong to him at the time Chase brought his suit; but it is the equities, the state of things as they existed at the time of the assignment and not at the time of the commencement of the suit, that governs. These suits were between the same parties and in the same right, and there is no question about the right of Woodward to have the set-off made, aside from the question raised by the assignment. In *Greene* v. *Hatch*, 12 Mass. 195, the court "set off a smaller judgment against a larger between the same parties, although the smaller judgment was on a demand which had been assigned, the assignee having had previous notice of the demand on which the larger judgment was founded." Some of the language of the court, in *Perkins* v. *Thompson*, 3 N. H. 144, appears to conflict with our position; but in that case the assignment was made, and notice thereof given, before the commencement of the action, and hence would not be applicable in this case. In *Goodwin* v. *Richardson*, 44 N. H. 125, it was held that "where mutual claims between the parties to the record are not in their nature assignable at law, the fact that a

third person has acquired an interest in the plaintiff's claim will
not preclude a set-off of any claim of the defendant against the
plaintiff existing at the time of the assignment"—citing *Sanborn*
v. *Little, supra.* In *Goodwin* v. *Richardson,* the assignment was
before the suit was brought. In *Wright* v. *Treadwell,* 14 Tex. 255,
upon a motion for the set-off of mutual judgments between A and
B, the attorney of B gave notice in court that one half of B's judg-
ment had been assigned to him; and the court held that the rights
of the attorney and assignee were subordinate to those of A.
When cross demands exist, and one of the parties is insolvent, the
other has an equitable right of set-off which cannot be divested by
an assignment of the demand against him. *Merrill* v. *Souther,* 6
Dana 305; *Hooper* v. *Brundage,* 22 Me. 460; *Morris* v. *Hollis,* 2
Harr. (Del.) 4.

This is not a matter addressed to the discretion of the court.
The authorities cited by the assignee do not sustain that position.
In *Brown* v. *Warren,* 43 N. H. 438, *Sargent,* J., in a case where
one of the parties was insolvent, said "that would be all that
would need to be shown in any court to warrant an order for the
set-off of judgments." The fact that the court have power to
make such set-offs by no means implies that it is such a discretion-
ary power that it will not be open to exception or revision. In
*Wright* v. *Cobleigh,* 23 N. H. 35, the court, referring to the case of
*Chandler* v. *Drew,* quote the language of *Richardson,* C. J., who
said, "When the mutual claims of parties have passed into judg-
ment, it is the practice of the courts to set off one judgment
against another. This practice does not rest upon any statute,
but upon the general jurisdiction of courts over suitors in them."
The court further say, "From such language we must infer that
it was understood by that learned judge to be a settled practice
adopted in this state."

*W. H. Cotton,* for Chase. This motion is addressed to the dis-
cretion of the court. *Chandler* v. *Drew,* 6 N. H. 469; *Hutchins* v.
*Riddle,* 12 N. H. 464; *Makepeace* v. *Coates,* 8 Mass. 451; *Barrett*
v. *Barrett,* 8 Pick. 342; *Greene* v. *Hatch,* 12 Mass. 197. The dis-
cretion exercised by the court below will not be revised. *Sand-
ford Manf. Co.* v. *Wiggin,* 14 N. H. 441; *Claggett* v. *Simes,* 25
N. H. 402. In the latter case, the plaintiff asked that an action
might be brought forward and judgment vacated. His petition
was denied. The court, *Gilchrist,* J., delivering the opinion, says,—
"Where a matter is within the discretionary authority of a court
of competent jurisdiction, and their discretion, has been exercised,
we have repeatedly held that we will not reëxamine the merits of
the question in order to determine whether the discretion of the
court has been properly exercised." *Anderson* v. *Roberts,* 18
Johns. 534; *Simpson* v. *Hart,* 1 Johns. Ch. 99.

Woodward is not entitled to the offset as a matter of law. No

question of *mala fides* is raised. There was no set-off at common law. Chit. Pl. 599; *Chandler* v. *Drew*, 6 N. H. 470. The right cannot go beyond the express terms of the statute. The statute of set-off requires that the demands shall be mutual, and they must be due at the time the plaintiff's action is commenced, and a right of action existing thereon at that time. G. L., *c.* 227, *ss.* 7, 8. No after acquired claims are available. *Varney* v. *Brewster*, 14 N. H. 49; *Hardy* v. *Corlis*, 21 N. H. 356; *Toppan* v. *Jenness*, 21 N. H. 232; Chit. Pl. 599. Money secured by a promissory note, not due when the suit was commenced, cannot be set off. 2 Chit. Cont. 1276; *Hardy* v. *Corlis*, *supra*. Woodward's claim was a note made by Chase subsequent to the bringing of his (Chase's) suit, payable to a third party, and bought and sued by Woodward on the day it was made. It does not fall within the statute of set-off. Neither the note nor the judgment thereon would have been a mutual demand, or a defence to Chase's action while pending. *Andrews* v. *Varrell*, 46 N. H. 17. The assignee of a chose in action takes it subject to all legal defences existing at the time of the assignment. *Sanborn* v. *Little*, 3 N. H. 539; *Thompson* v. *Emery*, 27 N. H. 269. Woodward's claim not being an offset, was not a defence. Chit. Pl. 597. Had both suits gone to judgment without the intervention of rights of other parties, they would have become mutual and liable to set-off. *Shapley* v. *Bellows*, 4 N. H. 350. But the assignment in this case was made before Woodward's action was entered in court. Allowing the decision in *Shapley* v. *Bellows* to be sound, the rights of the assignee in this case are in no wise affected by it. The assignment in that suit was made after judgment rendered and execution issued. Whatever the original demands, they were merged in the judgments: their characters changed, assimilated, and became mutual, "if due between the same parties and in the same right." But the owner of the judgment in *Chase* v. *Woodward* is his assignee. He was the owner of the suit before judgment, and it was obtained by his efforts and at his expense. In *Goodwin* v. *Richardson*, 44 N. H. 125, and *Wright* v. *Cobleigh*, 23 N. H. 35, the court laid down the broad general proposition, that "if one of the judgments has been *bona fide* assigned, the rights of the assignee will be protected." In *Makepeace* v. *Coates*, *supra*, the court said,—"The court will not permit one judgment to be set off against another between the same nominal parties, when it appears that persons other than the nominal creditor are interested by assignment of the demand on which one of the judgments is rendered." The assignment amounts to a mere preference of creditors. The assignment in the case at bar was for counsel fees, disbursements, &c., and so far, at least, as taxable costs are concerned, it was merely a confirmation by Chase of an attorney's lien, a right highly favored in law, and paramount to any right of set-off. *Shapley* v. *Bellows*, *supra;* *Currier* v. *B. & M. R. R.*, 37 N. H. 223.

STANLEY, J.   Chase, having a claim on an award against Woodward, September 2, 1880, brought a suit upon it, which suit, with the award and the claim on which the award was founded, was assigned to Cotton, his attorney, December 13, 1880, to secure the attorney's claim for counsel fees, disbursements, and advice pertaining to the suit, and Woodward had notice of the assignment, through his counsel, on that day.   September 26, 1880, Chase gave his note to a third party, which Woodward immediately purchased, and, September 27, 1880, brought a suit upon it.   Judgment having been rendered in each action for the plaintiff, at the March term, 1881, Woodward's motion that the judgments be set off was denied, and he excepted.

Woodward's note could not have been filed in set-off against Chase's claim on the award, for it was not in existence when Chase brought his suit, and, if it had been, was not owned by Woodward.   It is only mutual claims, existing when the suit is brought, that can be set off under the statute (Gen. Laws, c. 227, ss. 7, 8, 9, 10).   Executions, where the debtor in one is creditor in the other, in the same right or capacity, may be set off by the officer in whose hands either is placed for levy or service.   Gen. Laws, c. 235, s. 15.   But the set-off cannot be made where there has been a *bona fide* assignment of one of the executions to another person.   *Perkins* v. *Thompson*, 3 N. H. 144.

The set-off of mutual judgments, before the issue of executions, stands on different grounds.   It is an equitable power incidental to the jurisdiction of courts over their suitors and officers, and is independent of any statute of set-off (*Chandler* v. *Drew*, 6 N. H. 469, *Hutchins* v. *Riddle*, 12 N. H. 464, *Hurd* v. *Fogg*, 22 N. H. 98, *Wright* v. *Cobleigh*, 23 N. H. 32, *Brown* v. *Warren*, 43 N. H. 430, *Goodwin* v. *Richardson*, 44 N. H. 125, *Makepeace* v. *Coates*, 8 Mass. 451, *Hatch* v. *Greene*, 12 Mass. 195), and courts in the exercise of this power proceed upon the equity of the statute authorizing set-off (*Simson* v. *Hart*, 14 Johns. 63) ; and since the power is equitable in its nature, it is exercised according to the rules of equity, and is used only in furtherance of justice.   *Brown* v. *Hendrickson*, 39 N. J. Law 239; *Williams* v. *Evans*, 2 McCord 203; *Duncan* v. *Bloomstock*, 2 McCord 318, and notes in 13th Am. Dec. 729.   The question of equity is one of fact, to be determined at the trial term ; and in this case no error of law is shown.

*Exception overruled.*

All concurred.