HOVEY v. MORRILL.

On equitable principles, and to prevent injustice, one judgment may be set off against a cross-judgment, though the latter has been assigned to a third person.

BILL IN EQUITY, to set off opposing judgments. At the September term, 1879, the defendant recovered judgment against the plaintiff in an action of deceit in the sale of land by the plaintiff to the defendant. Before the recovery, and pending the action, the defendant assigned the right of action, and any judgment to be recovered to his son to pay a debt due him. The defendant was insolvent, and at the time of the assignment owed the plaintiff a considerable sum upon promissory notes given by the defendant in part payment for the land sold. The assignee knew of his father's indebtedness to the plaintiff, and that he had no property liable to attachment. Both the son and the father knew that the effect of the assignment would be to prevent the plaintiff from collecting his debt against the defendant. Subsequent to the defendant's recovery, the plaintiff brought suit against the defendant upon his notes, and recovered judgment. Pending that suit, he brought this bill alleging his claim, and seeking to set off any judgment he might recover, to that extent, against the defendant's judgment. The plaintiff had no knowledge or notice of the assignment of the defendant's judgment until it was disclosed in the answer to the bill. A set-off was decreed, and the defendant excepted.

*Morrison & Bartlett*, for the defendant. The claim in the suit of *Morrill* v. *Hovey*, having been in good faith and for a valuable consideration assigned before trial and judgment, the assignee acquired a good and perfect title to the judgment, and Morrill has no right or title to it or any part of it, nor any control over it. The judgment, having become the property of the assignee, cannot be taken to pay the debt of the assignor. The fact that the assignment was taken subject to all defences, will not give the plaintiff the benefit of a defence not then existing, and which could not be made on the trial. The verdict of the jury measured the value of the claim assigned. The action being one for unliquidated damages, the claim of *Hovey* v. *Morrill* was not a proper matter of set-off at the trial, and cannot in law or equity now be used to defeat the assignee's right in the judgment. The judgment in *Morrill* v. *Hovey* being the absolute property of the assignee, there was no mutuality between the judgments, and there can be no set-off.

*Sulloway, Topliff & O'Connor*, for the plaintiff. The claim of Hovey against Morrill sprung from the same source and at the same time as the claim of Morrill against Hovey. Both claims have passed into judgments, and they are mutual claims. The court has the power to set off one against the other, and equity demands that this shall be done. The order of the court in this case is in accordance with the law and practice in this state for more than fifty years. *Hutchins* v. *Riddle*, 12 N. H. 464; *McQuesten* v. *Bowman*, 17 N. H. 24; *Hurd* v. *Fogg*, 22 N. H. 98; *Wright* v. *Cobleigh*, 23 N. H. 32; *Smith* v. *Woodman*, 28 N. H. 520; *Cross* v. *Brown*, 51 N. H. 486; *Rowe* v. *Langley*, 49 N. H. 395.

The assignee of the claim of Morrill against Hovey took the assignment with full knowledge that Morrill was indebted to Hovey, and had no property out of which Hovey could secure payment of his claim. Morrill and the assignee both intended to prevent Hovey from collecting his claim against Morrill by means of this assignment. Morrill's son took this assignment, subject to all the equities and defences existing at the time between Hovey and Morrill. Had he taken it without notice or knowledge of Hovey's claim against Morrill, even then he would have stood in no better or different position than his father stood at the date of the assignment. *Sanborn* v. *Little*, 3 N. H. 539; *Shapley* v. *Bellows*, 4 N. H. 347; *Thompson* v. *Emery*, 27 N. H. 269; *Rowe* v. *Langley*, *supra*.

*Morrison & Bartlett*, for the defendant. Second brief. I. The plaintiff asserts that the claims are mutual—that they sprung from the same source. It is true that the judgment in *Morrill* v. *Hveoy* was for damages, because of the lying, deceit, and fraud of Hovey. It is also true that the note, the basis of the judgment in *Hovey* v. *Morrill*, was obtained solely by the very same lying, deceit, and fraud. Those trinities find their unity in Hovey alone. There was no mutuality in the fraud.

II. But the question is as to the mutuality of the judgments. It was found, in fact, that the judgments are not mutual; that the one belongs to Hovey, and runs against Morrill; the other is against Hovey, but Morrill has not the slightest interest in it. It has been found that it is the property of Morrill's son, subject to the burden of Hovey's right to offset a judgment obtained by him against Morrill.

III. The doctrine is—and we accept it as correct—that the assignee of a chose in action takes it subject to all the equitable defences against it at the time of the assignment. What do the courts mean by that? The plaintiff contends that it is equivalent to saying, "subject to all equities existing between the debtor and assignor at the time of the assignment." We say it means just what is said,—subject to all equities and defences existing against it—that is, the claim itself at that time, and which can be urged against it on the trial. If in the hands of the assignor it was subject to set-off on the trial—and most of the New Hampshire cases are of that character—it is subject to the same set-off in the hands of the assignee. If the claim itself is subject to any equities, if there are things done or to be done by the assignor with reference to the subject-matter which do or may affect his right of recovery, if third parties have an interest in the claim, all such and other like equities may be claimed and things required, and all conditions must be complied with, before the value of the claim can be determined. But when the claim has passed through the crucible, when all the defences and equities have been urged which can be, then

the jury determine the actual value to the assignee of the thing bought. All equities and defences having been exhausted, the assignee owns the judgment absolutely, subject to no reduction and no charges other than those incident to the suit itself. Had the assignment been made after judgment, the case would stand entirely different. The claim has then become liquidated, and if a moment had elapsed after judgment, before assignment, the right of set-off would have intervened. *Swift* v. *Prouty*, 64 N. Y. 546, is the only case we have found that is exactly in point. The decision in that case is a recent one (1876), and is given with such brevity and distinctness as to render it evident that the court had no doubt as to the correctness of their position, nor a suspicion even that it might be questioned. The same view substantially is taken in *Hackett* v. *Connett*, 2 Ed. C. R. 73, and in *Gay* v. *Gay*, 10 Pai. Ch. 369. Judge *Bell*, also, in *Goodwin* v. *Richardson*, 44 N. H. 127, recognizes the general rule to be as we claim. We would also call the attention of the court to 2 McCord 318; *Turner* v. *Satterlee*, 7 Cow. 480; 25 Ala. 492; 14 Johns. 63; 38 Ind. 429; 23 Ind. 543; 53 Ind. 216; 19 Wend. 397; 30 Me. 36; 36 Penn. St. 407; 56 Penn. St. 82; 31 Penn. St. 438; 68 N. C. 255; 1 Bay (S. C.) 246. The New Hampshire cases cited by the plaintiff either do not conflict with the defendant's view or directly support it, or are not in point.

IV. If this question were to be decided by the court *ex gratia*, or if they were and are to so decide it as to promote justice even between Hovey and Morrill, no set-off should be allowed. It is urged that Morrill is now insolvent. He came so by the payment of money and the giving of notes for the land, the sale of which was induced by fraud; and justice does not require the defeat of a valid assignment to make possible the collection of notes obtained in that way.

V. The statement in the case relative to the son's knowledge of his father's indebtedness to Morrill, and the intentions of the Morrills, it is unnecessary to discuss. The case finds that the assignment was made in good faith and for an adequate consideration. That negatives all claim of any intent to defraud; and the statement that they intended to prevent Hovey from collecting his note out of the judgment, means that the parties intended to make and did make a good assignment, which would stand and be respected by the courts, and be effectual in securing to the son his rights.

ALLEN, J. Courts of law and of equity have the power to set off mutual judgments, one against the other, so far as either will apply. The power is an equitable one, to be exercised in the interests of justice, and is not derived from the statutes governing the right of set-off of one claim against another in suit, or of executions in which the plaintiff in one is the defendant in the other. Under the statutes, to enable one party to set off a claim against another

in suit, the claims must be mutual to and from the same persons in the same right and capacity, and liquidated or determinate by computation. Independent of any statute, mutual judgments, although not founded on mutual debts, will, on equitable principles and to prevent injustice, be set off against each other. *Brown* v. *Warren*, 43 N. H. 430. When the party claiming the benefit of a set-off could not avail himself of the right in the trial of the action, if justice requires it the cause may be continued or execution stayed until the claimant obtains judgment, which may then be set off against the other. *Hutchins* v. *Riddle*, 12 N. H. 464; *McQuesten* v. *Bowman*, 17 N. H. 24; *Smith* v. *Woodman*, 28 N. H. 530. In exercising the power of setting off mutual judgments, the real and not the nominal parties are considered; and if one judgment has been, in good faith and for a valuable consideration, assigned to a third person before application for a set-off is made, such third person is the real party in interest, and no set-off can ordinarily be allowed. *Perkins* v. *Thompson*, 3 N. H. 144; *Wright* v. *Cobleigh*, 23 N. H. 32; *Goodwin* v. *Richardson*, 44 N. H. 125; *Makepeace* v. *Coates*, 8 Mass. 451; *Ames* v. *Bates*, 119 Mass. 397; *Zogbaum* v. *Parker*, 55 N. Y. 120; *Ramsey's Appeal*, 2 Watts 228; *Williams* v. *Evans*, 2 McCord 203.

Cases often occur in which the set-off of one judgment against another is allowed, regardless of a prior assignment of one to a third person. Such cases are, where the assignee has taken the judgment charged with notice of the right of set-off as an existing defence *(Rowe* v. *Langley*, 49 N. H. 395); where, through insolvency of the assignor at the time of the assignment, the party claiming the right of set-off had no other means of collecting his debt *(Gay* v. *Gay*, 10 Pai. Ch. 369, 375, 376); and where, in anticipation of an application to make the set-off, the assignment was made for the purpose of defeating the right. *Duncan* v. *Bloomstock*, 2 McCord 318. These cases may be regarded as exceptions to the rule, and so decided on the sufficient ground that injustice would be done in any other way; or they may be regarded as not within the rule, and that the assignments under the circumstances of those cases could not have been made in good faith. In all cases where the assignment is without consideration, not in good faith, or fraudulently made to defeat the application, the court will direct the set-off to be made. *Cross* v. *Brown*, 51 N. H. 486; *Hurst* v. *Sheets*, 14 Iowa 322; *Russell* v. *Conway*, 11 Cal. 93; *Morris* v. *Hollis*, 2 Harr. (Del.) 4; *Duncan* v. *Bloomstock*, *supra*, and note to the case in 13 Am. Dec. 728.

The power of set-off being equitable will be exercised in all cases to promote substantial justice, and rests in the discretion of the court. *Rowe* v. *Langley*, *supra*, 397; *Simson* v. *Hart*, 14 Johns. 63; *Brown* v. *Hendrickson*, 39 N. J. Law 239; *Burns* v. *Thornburgh*, 3 Watts 78; *Baker* v. *Hoag*, 6 How. Pr. 201. Whether the set-off was allowed at the trial term as a matter of right, or

upon equitable grounds as a matter of justice, does not appear from the case. The question being one of justice resting in the judgment of the court upon all the facts at the trial, the case is discharged, to be disposed of at the trial term on the suggestions made.

*Case discharged.*

SMITH and CLARK, JJ., did not sit: the others concurred.