## MERRILL *v.* PERKINS & a.

A motion to set aside a verdict on the ground of excessive damages, raises a question of fact to be determined at the trial term.

CASE. Reported 59 N. H. 343. Second trial on review. Verdict for the plaintiff, which the defendants moved to set aside because the damages were excessive. The court denied the motion, and the defendants excepted.

*J. Y. Mugridge* and *S. C. Eastman*, for the defendants, cited 1 Barb. 495; 1 Graham & Waterman, New Trials, 549; *Clerk* v. *Udall*, 2 Salk. 649; *Hewlett* v. *Cruchley*, 5 Taunt. 281; *Goodwin* v.

*Gibbons,* 4 Burr. 2108; *Doyle* v. *Dixon,* 97 Mass. 208; *Hamilton* v. *Bullock,* 2 Hayw. (N. C.) 224; *Com'rs* v. *Ross,* 3 Binn. 520; *Mitchell* v. *Mitchell,* 4 Binn. 180; *Woodruff* v. *Richardson,* 20 Conn. 238; *M. & W. R. R.* v. *Winn,* 26 Geo. 250; *Russ* v. *Steamboat,* 14 Iowa 363; *Sexton* v. *Brock,* 15 Ark. 345.

*Chase & Streeter,* for the plaintiff.    In cases of tort, where it is claimed that the damages assessed by the jury are excessive, and that their verdict should be set aside for that reason, courts almost universally hold that they will not interfere unless the damages are so exorbitant, when compared with the circumstances of the case, as to satisfy them that the jury must have been influenced by passion, partiality, prejudice, or corruption in making the assessment.    *Rand* v. *Redington,* 13 N. H. 76; *Belknap* v. *Railroad,* 49 N. H. 358; Field Dam., c. 37, and numerous authorities cited in notes; Sedg. Dam. (5th ed.) 707, and authorities cited; Hilliard New Trials, c. 17; *Bodwell* v. *Osgood,* 3 Pick. 380; *Treanor* v. *Donahoe,* 9 Cush. 228; *Worster* v. *Canal Bridge,* 16 Pick. 541; *Ayer* v. *Bartlett,* 9 Pick. 156; *Stoneham School Dist.* v. *Richardson,* 23 Pick. 62; *Tompson* v. *Mussey,* 3 Me. 305; *Jacobs* v. *Bangor,* 16 Me. 187; *Gilbert* v. *Woodbury,* 22 Me. 246; *Kimball* v. *Bath,* 38 Me. 219; *Campbell* v. *Portland Sugar Co.,* 62 Me. 552; *Gee* v. *Patterson,* 63 Me. 49; *Powers* v. *Cary,* 64 Me. 9; *Hobbs* v. *E. R. R.,* 66 Me. 573; *Clark* v. *Pendleton,* 20 Conn. 509; *Woodruff* v. *Richardson, ib.* 243; *Nicholson* v. *Railroad,* 22 Conn. 88; *Waters* v. *Bristol,* 26 Conn. 405; *Coleman* v. *Southwick,* 9 Johns. 45; *Worford* v. *Isbel,* 1 Bibb (Ky.) 247; *Solen* v. *Railroad,* 13 Nev. 106; *Ford* v. *Ward,* 26 Ark. 360; *Railroad* v. *Parks,* 88 Ill. 373; *Westerville* v. *Freeman,* 66 Ind. 255; *Railroad* v. *Casey,* 52 Texas 112; *Huckle* v. *Money,* 2 Wils. 205; *Ash* v. *Ash,* Comb. 357; Cowp. 230; 2 Wils. 405; 3 Wils. 61; 1 D. & E. 277; 2 W. Bl. 1327; 1 Burr. 609; *Butler* v. *Bangor,* 67 Me. 385; *Clark* v. *Whitaker,* 19 Conn. 330; *Hewlett* v. *Cruchley,* 5 Taunt. 281; *Duberley* v. *Gunning,* 4 D. & E. 651; *Shaw* v. *Railroad,* 8 Gray 45; *Clerk* v. *Udall,* 2 Salk. 649; *Chambers* v. *Robinson,* 1 Strange 691; *Anon.,* 6 Mod. 22; *Railroad* v. *Winn,* 26 Ga. 250; *Russ* v. *Steamboat,* 14 Ia. 365. We think no case can be found where the court have set aside a second or subsequent verdict that was substantially like the first, on the ground that the damages assessed were excessive.    " There ought to be an end of things," and a second verdict, substantially like the first, is reasonable proof that the first is right.

DOE, C. J.    The defendants' motion raised a question of fact to be determined at the trial term, and the case shows no error of law.    *Hovey* v. *Brown,* 59 N. H. 114; *Smith* v. *Cushman,* 59 N. H. 519; *Gamsby* v. *Columbia,* 58 N. H. 60; *Daniels* v. *Lebanon,* 58 N. H. 284; *Burnham* v. *Butler,* 58 N. H. 568; *Wentworth* v. *Jefferson,* 60 N. H. 158; *Dodge* v. *Stickney,* 60 N. H. 461; *Hovey* v.

*Morrill,* 61 N. H. 9, 14; *Chase* v. *Woodward,* 61 N. H. 79; *Whitcher* v. *Dexter,* 61 N. H. 91; *Garvin* v. *Legery,* 61 N. H. 153.

*Exception overruled.*

STANLEY, J., did not sit: the others concurred.