Carroll,
June, 1894.

## DROWN v. HAMILTON & a.

A party will not be heard to complain of an erroneous ruling in accordance with his request.

The filing of a report in the office of the clerk is making a report to the court.

A referee appointed under P. S., c. 227, s. 9, sustains toward the cause, the parties and the court the position of an arbitrator at common law, with such restriction of his powers and duties as the statute provides.

The rendition of judgment upon the report of a referee establishing a boundary line is binding upon the parties and all who may claim under them.

A motion to set aside the report of a referee, on the ground that it is against the evidence, presents the question of fact, whether the conflict between the report and the evidence is so strong that the court can see that the referee was influenced by passion, prejudice, partiality, or corruption, or unwittingly fell into a plain mistake.

Upon this question the party making the motion has the burden of proof, which he cannot sustain without reproducing in some satisfactory form all the evidence introduced by both parties at the trial; while the opposite party will be entitled to seasonable notice of hearing, but will not be required to produce any evidence.

TRESPASS, *quare clausum.* Trial before a referee, who assessed the plaintiff's damages at $289.50, and established the boundary line between the parties. The defendants moved to set aside the report. The court ordered judgment on the report, and the defendants excepted. Facts found by the court.

*Worcester, Gafney & Snow,* for the plaintiff.

*Josiah H. Hobbs, Fred B. Osgood,* and *George W. M. Pitman,* for the defendants.

SMITH, J. The questions in this case arise on the defendants' motion to set aside the report of the referee. The action is trespass *qu. cl.,* and the controversy is over the location of the north line of the plaintiff's close. The cause was referred, and the referee, by agreement of parties, was directed to establish the line and make report of his doings within thirty days from November 11, 1893. The trial was closed December 8. The report was sent to the clerk of the court on the following day, received by him on December 11, and by the presiding judge some days later.

The plaintiff's damages were assessed at $289.50, and the line established as follows: Beginning at the stump of an old spruce tree cut during the trial on the town line between Eaton and Conway, at a point 179 rods northerly of the southeasterly corner of the plaintiff's lot, or lot 127 in the east division of lots in Eaton, thence north 77½ degrees west, at a right angle with the division line between Eaton and Conway, to the pond. The line thus described the referee finds to be the true division line between lot 127, owned by the plaintiff, and lot 128, or the Cooledge lot, occupied by the defendant, Stephen P. Hamilton, as early laid out by the original proprietors of Eaton.

December 15, the defendants filed with the clerk a motion for the rejection of the report, assigning as reasons that it was against law and evidence; that improper statements of material facts not in evidence were made to the referee during the trial, and

repeated in final argument by counsel for the plaintiff, under objection and exception which were omitted from the report of the referee; and because of the omission to make and report certain special findings of fact.

The motion was sent to the referee for a report of the facts in regard to the misconduct charged. The referee made a supplemental report, in substance as follows: No exceptions were taken during the trial by the defendants; no request was made for a special finding of facts; no statement of material facts not in evidence was made during the trial, or at any time; the plaintiff's counsel in final argument did not repeat any material fact not in evidence, but during the argument stated that he desired to call attention to the copy of a plan introduced by the defendants; the defendants objected that the plan was put in as a chalk only; the objection was sustained, and the referee never knew what the plaintiff proposed to argue from the copy; two days after the referee sent his original report to the clerk, he received the defendants' written request for special findings, and at once notified counsel that the report had been filed.

The statements in the supplemental report have been found to be true by the judge presiding at the trial term.

January 16, the defendants again moved to set aside the report, assigning a large number of reasons, many of which are extremely technical, others inapplicable to the facts, others unsupported by facts, all of which may be summarized as follows: That the parties were not adjoining owners; that the defendants never consented to the establishment of the line by the referee, or to the assessment of damages; that the Cooledge lot and lot 128 are not identical; that the performance of the award is impossible; that the line established by the referee is not sufficiently certain; that the line claimed by the defendants is the older line; that there was no evidence of any acts of trespass by the defendant, Moses Hamilton; that the report is against law and evidence, and the damages excessive; that the report was not made to the presiding judge within thirty days; that misleading statements of material matters not in evidence were made during the trial, and repeated during final argument; that the line claimed by the plaintiff does not conform to the line shown by the Hersey plan and ancient monuments; that a copy of the Hersey plan was excluded; that the referee made no special finding of facts.

A hearing was had on this motion, and the court has found that there was no mistake as to the submission; that the referee was mutually selected by the parties, and both agreed he should establish the line and assess damages, the hearing to be had and report made within thirty days; that the referee was not wrongfully influenced, and did not reach an erroneous result as to the

boundary line and assessment of damages by reason of any error
or mistake as to the Cooledge lot and lot 128 being identical.

So far as the objections involve questions of fact, and have
been disposed of at the trial term, the findings are conclusive
and cannot be reviewed here.

The submission is binding on the defendants, whether lot 128
was owned by both, or one, or neither of them, and whether the
interest of either was that of sole or part owner.   That the loca-
tion cannot be enforced against third persons, is a matter in
which the defendants are not interested.

The charge of misconduct of counsel at the hearing has been
found utterly without foundation, both by the referee and the
trial judge.   By the ruling the plaintiff was prevented from com-
menting upon the copy of the plan introduced as a chalk by the
defendants.   Whether the referee might not have ruled differ-
ently, we need not inquire.   The defendants cannot complain of
the ruling.

The line established by the report commences at the stump of
a spruce tree cut during the trial in the line between Eaton and
Conway, and runs north, 77½ degrees west, at a right angle with
the town line, to the pond.   That this is " not sufficiently cer-
tain, distinct and complete," cannot be seriously contended.

If the direction to the referee to make report of his doings to
the court within thirty days was mandatory and a condition of
the submission, it was literally complied with.   The filing of the
report with the clerk was making report to the court.   The
clerk being the depositary of the records, every one would un-
derstand his office was the place intended, and not the home of
the judge in another county.   The objection that the supple-
mental report could not be considered because not made within
thirty days from the date of the rule, if it be an objection, disap-
pears when it is considered that it deals exclusively with the
misconduct which the defendants, after the main report was
filed, charged had occurred during the course of the trial, and
that the merits of the case were not otherwise included in it.
But if the report be laid out of the case, there remains the fact
found at the trial term that the misconduct did not occur.

The request for the special finding of certain facts was not
seasonably made.   But if it had been, unless those facts were all
the facts relating to the disputed line, it cannot be said as matter
of law that they would show that the line established by the ref-
eree was not the correct line.

The defendants by their omission to except to the exclusion of
the copy of the Hersey plan, waived their right to object on that
account.   If the report showed that an alleged copy of a supposed
plan was excluded by the referee, and exception taken by the de-
fendants, the exception could not be sustained.   The competency

of such a paper would depend upon various matters of fact, in the determination of which no error of law or fact appears.

The objection that performance of the award establishing the boundary line is not possible, is based on a mistaken understanding of the authority of the referee. He sustained toward the cause, the parties and the court, the position of an arbitrator at common law, with no other restriction of his powers or duties than the requirement that he proceed according to the rules of law and the practice of the court, and report his decision, stating specifically his rulings upon all questions of law, and all matters of fact found proved, if so requested by either party. *Free* v. *Buckingham*, 59 N. H. 219, 223; P. S., c. 227, s. 10. Judgment being rendered upon his report as upon the award of an arbitrator at common law, the location of the line established by him becomes binding upon the parties and all who may claim under them.

The defendants claim that the damages are excessive, and offered to show that there was no evidence before the referee of any trespass committed by the defendant, Moses Hamilton; also that the report is generally against the law and the evidence. This exception raises questions of fact to be determined at the trial term. Upon questions of fact the referee's report is conclusive, like the verdict of a jury; and like a verdict, it may be set aside on the ground of excessive damages, or because against the evidence on the question of liability. The case is not retried by the court as a case is tried on appeal; but the question is, whether the conflict between the verdict or report and the evidence is so strong that the court can see that the jury or the referee was influenced by passion, prejudice, partiality, or corruption, or unwittingly fell into a plain mistake. *Fuller* v. *Bailey*, 58 N. H. 71; *Free* v. *Buckingham*, 59 N. H. 219; *Merrill* v. *Perkins*, 61 N. H. 262; *Little* v. *Upham*, 64 N. H. 279.

The party making the motion has the affirmative and the burden of proof on the issue of passion, prejudice, partiality, corruption, or plain mistake. This burden he cannot sustain without reproducing, in some satisfactory form, all the evidence introduced by both parties at the trial, and showing that there was such a preponderance in his favor as to justify a finding of passion, prejudice, partiality, corruption, or plain mistake. The other party need produce no evidence. The burden of proof on the issue raised by such a motion includes the expense of producing satisfactory evidence of all the proof received at the trial.

The plaintiff, to guard against surprise, should have seasonable notice before the trial term, if the defendants intend to go to a hearing. Such notice will not require him to produce any evidence. He can safely depend upon the defendants being required to reproduce all the evidence given at the trial before the referee, or such a report of it as the court considers sufficient.

Some other objections have been considered, but their discussion does not seem necessary.

*Case discharged.*

BLODGETT, J., did not sit: the others concurred.