(Judge Laubie of the Seventh Circuit sitting in place of Judge Henry.)

AKRON (CITY) v. NORTHERN OHIO TRACTION & L. CO.

1. ORDINANCE RENEWING FRANCHISE GRANTED TO STREET RAILROAD CONSTRUED AS A WHOLE, ETC.

> An ordinance renewing a street railroad franchise will be construed as a whole in determining whether it is limited in its operation to that part only of the street in which the company has already laid its tracks and is operating its cars, or extends to all the rights, privileges and franchises granted by the original ordinance. Hence, an ordinance renewing a franchise granted in the entire street will not be limited to such parts of the street in which tracks have been laid and cars are in operation, thereby denying the right of the grantee to construct tracks in the remaining portion of the street, unless the renewing ordinance as a whole will reasonably bear such construction.

2. NOTICE MUST BE GIVEN BEFORE DECLARING FORFEITURE OF STREET RAILROAD FRANCHISE, WHEN.

> Where the ordinance granting a franchise provides that a failure of the grantee to comply with the terms and conditions of the franchise after twenty days' notice shall operate as a forfeiture of all rights and franchises granted, a forfeiture cannot be declared by the municipal council for failure of the grantee company to comply with its terms and conditions with respect to laying tracks, until after said twenty days' notice has been given by the council.

3. RENEWAL OF STREET RAILROAD FRANCHISES WAIVES FORMER DEFAULTS.

> The failure of the grantee of a street railroad franchise to lay tracks as therein provided, is waived by a subsequent ordinance expressly renewing all the rights, privileges and franchises granted by the original ordinance.

Akron v. Traction & L. Co.

APPEAL from Summit common pleas court.

**C. F. Beery** and **S. D. Kenfield,** for plaintiff:

The ordinance of 1899 terminated the rights of the company in that part of College street in question without renewing them. *State* v. *Railway,* 3 Circ. Dec. 471 (6 R. 318); *People* v. *Railway,* 126 N. Y. 29 [26 N. E. Rep. 961]; *St. Clair Co. Tpk. Co.* v. *Illinois,* 96 U. S. 63 [24 L. Ed. 651]; *Coosaw Min. Co.* v. *South Carolina,* 144 U. S. 550 [12 Sup. Ct. Rep. 689; 36 L. Ed. 537]; *Hannibal & St. J. Ry.* v. *Packet Co.* 125 U. S. 260 [8 Sup. Ct. Rep. 874; 31 L. Ed. 731]; *Minturn* v. *Larue,* 64 U. S. (23 How.) 435 [16 L. Ed. 574]; *Northwestern Fertilizing Co.* v. *Hyde Park (Vil.),* 97 U. S. 659 [24 L. Ed. 1036]; *Union Pass. Ry.* v. *Philadelphia,* 101 U. S. 528 [25 L. Ed. 912]; Beach, Priv. Corp. Sec. 25.

Whatever rights the company once had in the street in question have been lost by abandonment and nonuser. *State* v. *Railway,* 3 Circ. Dec. 471 (6 R. 318); *People* v. *Railway,* 126 N. Y. 29 [26 N. E. Rep. 961]; *St. Clair Co. Tpk. Co.* v. *Illinois,* 96 U. S. 63 [24 L. Ed. 651]; *Snouffer* v. *Railway,* 118 Iowa 287 [92 N. W. Rep. 79]; *Henderson* v. *Railway,* 21 Fed. Rep. 358; *Atchison St. Ry.* v. *Nave,* 38 Kan. 744 [17 Pac. Rep. 587; 5 Am. St. Rep. 800]; *State* v. *Latrobe,* 81 Md. 222 [31 Atl. Rep. 788]; Booth, Street Railway Secs. 51, 52; *Plymouth Tp.* v. *Railway,* 168 Pa. St. 181 [32 Atl. Rep. 19]; *Lake Roland Elec. Ry.* v. *Baltimore (Mayor),* 77 Md. 352 [26 Atl. Rep. 510; 20 L. R. A. 126].

**Rogers, Rowley, Bradley & Rockwell,** for defendant.

## WINCH, J.

This action was brought to restrain the defendant from constructing a street railway on that part of College street in the city of Akron between Mill street and Market street.

From the petition it appears that on July 2, 1888, the council of the city of Akron granted to John S. Casement, his successors and assigns, a franchise for the period of twenty-five years to construct and operate a street railroad on certain streets in said city, including College street from Market street to Middlebury street, now known as Buchtel avenue, and that under said ordinance a street railroad was constructed upon said College street from Mill street to Buchtel avenue, but none was ever constructed on that part of College street in question, a distance of about seven hundred feet, there being street railroads upon both Market and Mill streets, but no connection between the two on College street.

Thereafter the Akron Street Railway & Illuminating Company succeeded to all the rights of said John S. Casement under the ordinance mentioned, and receivers having been appointed for said company, on March 13, 1899, the council of said city passed an ordinance entitled:

"An ordinance granting the Akron Street Railway & Illuminating Company, its receivers, successors and assigns, extensions and renewals of the rights, privileges and franchises now owned by it, so that the said rights, privileges and franchises will continue and be in force until the first day of February, A. D. 1924, and prescribing the terms and conditions of such extensions and renewals."

The defendant has succeeded to all rights under the ordinances mentioned, and on April 4, 1904, notified the city of Akron of its intention to construct a line of street railway on said College street between Mill street and Market street.

On April 11, 1904, the council of said city passed a resolution protesting against and objecting to the laying of street railway tracks by the defendant on College street between Mill street and Market street, and declaring the forfeiture of the privilege and franchise claimed by the defendant to lay said track and directed the solicitor of said city to take such legal steps as he might deem necessary to prevent said construction.

Whereupon the solicitor brought this action praying for an injunction against said proposed construction and that the forfeiture declared by said counsel of the right, privilege and franchise claimed by the defendant to lay street railway tracks in College street between the points named be approved, confirmed, adjudged and declared by the court.

Plaintiff bases its right to the relief prayed for upon two propositions:.

First. That the ordinance of 1899 terminated the rights of the company in that part of College street in question without renewing them.

Second. That whatever rights the company once had in said street have been lost by abandonment and nonuser.

Let us examine these propositions in their order.

To maintain the first proposition plaintiff makes and relies upon three quotations from the ordinance of 1899, as follows:

From the second paragraph of the preamble: "Whereas, the Akron Street Railway & Illuminating Company, George W. Crouse and A. O. Beebe, receivers, *now own and have in operation* a street railroad in and along certain streets in said city, as follows, to wit:" Then follows the streets and parts of streets on which the company "own and

Akron v. Traction & L. Co.

operate" its road, but no reference is made to College street between Market and Mill streets.

From section 8: "It being the intention to renew and extend all the franchises, rights and privileges now owned by the Akron Street Railway & Illuminating Company, George W. Crouse and A. O. Beebe, receivers, so as to grant permission to the Akron Street Railway & Illuminating Company, its receivers, successors and assigns, to and until the first day of February, A. D. 1924, to maintain and operate a street railway * * * and the Akron Street Railway & Illuminating Company, its receivers, successors and assigns, are hereby granted permission to and until February 1, A. D. 1924, *to maintain and operate* a street railway" upon certain streets, naming them, but not mentioning the territory in question.

From section 9: "The intention being that the terms of the franchises under which the said Akron Street Railway & Illuminating Company, George W. Crouse and A. O. Beebe, receivers, *are now operating,* shall continue in full force and effect, and be as fully complied with, * * * as though the same were fully embodied herein, except where the provisions of this ordinance shall conflict therewith, in which case *the provisions of this ordinance shall control."*

From the provisions quoted plaintiff claims that it is manifest that the ordinance of 1899 superseded the ordinance of 1888, and that as the ordinance of 1899 specifically enumerates the streets and parts of streets over which the franchises were renewed and does not mention the territory in dispute, and uses the words "maintain" and "operate," which imply previous construction, the intention of the council is manifest to renew and extend the right of the company to maintain and operate street railways already constructed, but not to renew or extend the right to construct new railways on territory originally granted, but not mentioned in the last ordinance.

Such conclusion might, perhaps, be drawn, were there not other provisions of the ordinance of 1899, which we must not overlook.

In addition to the title of the ordinance, which has already been given, our attention is called to the following parts of the ordinance:

The third paragraph of the preamble:

"Whereas, it is conducive to the public interests that the time of the expiration of the franchises, rights and privileges now owned by the Akron Street Railway & Illuminating Company, George W. Crouse and A. O. Beebe, receivers, should be extended so that *all the franchises,* rights and privileges now owned by the Akron Street Railway & Illumi-

nating Company, George W. Crouse and A. O. Beebe, receivers, shall expire on February 1, A. D. 1924.''

Section 4. ''That the rights, privileges and franchises granted to John S. Casement, by an ordinance entitled 'An ordinance granting permission to John S. Casement, his successors and assigns, to construct and operate a street railroad in and along certain streets therein named,' and passed in council on the second day of July, A. D. 1888, which said rights, privileges and franchises are now owned by the Akron Street Railway & Illuminating Company, George W. Crouse and A. O. Beebe, receivers, *be, and the same are hereby renewed and extended* until February 1, A. D. 1924.''

''Section 11. That from and after the passage of this ordinance, and the acceptance, and for the full term thereof, the improvement of existing lines and *the construction of new lines* of said railway shall be under the supervision,'' etc. ''The tracks * * * shall be so constructed,'' etc.

From section 16, regulating fares: ''For each passenger from any point on the line of said railway within the city limits, to any point on streets upon which the Akron Street Railway & Illuminating Company, its receivers, successors and assigns, may now or *hereafter operate* a street railway within the city limits, or from any point on any street upon which the Akron Street Railway & Illuminating Company, its receivers, successors and assigns, may *hereafter operate* a street railway within the city limits, to any point on the line of said railway within the city limits, one continuous trip, either way, a fare of five cents;'' etc.

It is manifest, considering the ordinance of 1899, as a whole, that it extends and renews all the rights, privileges and franchises granted by the ordinance of 1888. Among other rights, privileges and franchises granted by the original ordinance was the right to construct a street railway on the street in question, and that right is therefore renewed and extended, unless it had been lost in some manner, which brings us to the second proposition made by plaintiff, that whatever right was originally granted, abandonment and nonuser have forfeited it.

If we examine the franchises again upon this proposition, we find that such contingency is provided for in both ordinances.

Section 2 of the ordinance of 1888 provides:

''A failure of said John S. Casement, his successors and assigns, to comply with the terms and conditions of this ordinance after *twenty days notice from the city council*, shall operate as a forfeiture by said

Akron v. Traction & L. Co.

John S. Casement, his successors or assigns, of all rights and franchises herein granted.''

Under this ordinance no notice was ever given the company to lay a track on College street between the points named, and we-hold that before a forfeiture of its right so to do would be worked or could be declared, such notice must be given as required by the ordinance.

Hence, at the time the ordinance of 1899 was enacted, the right to lay tracks on College street still belonged to the Akron Street Railway & Illuminating Company, and said right was not only renewed by the latter ordinance, but the passage of the ordinance was an express waiver of any failure to lay said track theretofore.

The ordinance of 1899 contains in Sec. 21 a similar provision for forfeiture of all rights and franchises therein granted upon failure to comply with any of its terms and conditions after twenty days notice from the city council, and no such notice having been given regarding the failure to lay tracks on College street at the time the railway company gave the city notice of its intention to lay said tracks, it follows that said council had no right at that time to declare said privilege forfeited, and the petition must be dismissed.

Judgment accordingly.

**Marvin** and **Laubie, JJ.,** concur.