Merrimack, }
Oct. 1, 1912. }

## IMBRIANI, *Adm'x*, *v.* ANDERSON.

An unliquidated claim for damages caused by negligence is not provable against the defendant's estate in bankruptcy, and proceedings in a suit brought to enforce such claim are not stayed by the filing of the bankruptcy petition.

In an action for negligently causing death, the recovery for loss of earning capacity is not limited to the amount which the decedent would probably have saved and left as an estate at his death, but for the injury.

CASE, for negligently causing the death of the plaintiff's intestate. Transferred from the October term, 1911, of the superior court by *Pike*, J.

When the case was called for trial the defendant moved for a continuance upon the ground that he had just filed a petition in bankruptcy. The motion was denied, and the defendant excepted. Thereafter the defendant was defaulted and the damages were assessed by the court. The defendant requested "a finding of how much the intestate would have saved at the time of his death if it had not been for the injury." This issue was deemed by the court to be immaterial, and the request was denied, subject to exception. The court found the probable capacity of the intestate to earn money, above his living expenses, and that he probably would have earned that sum, and assessed the damages accordingly. The defendant claimed a reduction of the amount to be recovered because the intestate had a family dependent upon him.

*John M. Stark, Joseph A. Donigan,* and *Martin & Howe,* for the plaintiff.

*William H. Sawyer,* for the defendant.

PEASLEE, J. The cause of action being case for negligent injury to the person, the unliquidated claim for damages was not provable in bankruptcy against the estate of the defendant. *In re Crescent Lumber Co.,* 154 Fed. Rep. 724; *Brown* v. *Company,* 149 Fed. Rep. 48. The contention that section 63b of the bankruptcy act enlarges the class of provable claims has not been adopted by the federal courts. This paragraph "adds nothing to the class of debts which might be proved under paragraph 'a' of the same section. Its purpose is to permit an unliquidated claim, coming within the provisions of section 63a, to be liquidated as the court

shall direct." *Dunbar* v. *Dunbar*, 190 U. S. 340, 350; *In re Southern Steel Co.*, 183 Fed. Rep. 498, and cases cited. As the claim was not provable in bankruptcy, the matter in controversy was not within the jurisdiction of the bankruptcy court, and the provision of the bankruptcy act (s. 11) for a stay of proceedings has no application. Coll. Bkcy. 209; *Mackel* v. *Rochester*, 135 Fed. Rep. 904; *In re Cole*, 106 Fed. Rep. 837.

The claim that the recovery for loss of capacity to earn money (P. S., c. 191, s. 12) is limited to what the deceased person would probably have saved and left as an estate at his decease is disposed of by prior cases wherein the statute has been construed. *Carney* v. *Railway*, 72 N. H. 364; *Dillon* v. *Railway*, 73 N. H. 367. The statement in the Carney case, that the statute means "capacity to earn money for his estate," does not declare or imply that the recovery is limited to what he would probably have saved. The question is of capacity to earn, not of disposition to earn or of opportunity and inclination to save.

The amount to be recovered is not lessened by the fact that the person had a family dependent upon him for support. It is true that such a man might have less opportunity to save than one who had no family. But this statute, like all others, is to have a reasonable construction. It does not mean that when two men of equal earning capacity are killed there is to be no substantial recovery for the benefit of the ten orphans left by the one, while a large sum is distributed to the cousins of the other. No such result was intended by the legislature, and there is nothing in the language of the statute suggesting such a theory.

As has been pointed out in the cases above cited, the test is capacity to earn. The finding requested would have settled nothing, and there was no error in the conclusion of the presiding justice that the issue suggested was immaterial to the disposition of the case. Before reaching this question, the court would almost of necessity have determined all the essential facts. The party's earning capacity, both gross and net, must be ascertained as a basis for the proposed investigation of how much of the net he would probably save. And since the capacity to earn is the statutory amount of recovery, there seems to be no occasion to go further and determine the amount of probable saving, in order to use the result to reduce one of the factors upon which the conclusion was itself founded.

*Exceptions overruled.*

All concurred.