NATHAN FINGOLD *vs.* MORRIS SCHACTER.

Suffolk.   January 14, 1916. — March 3, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, & PIERCE, JJ.

*Bankruptcy.   Judgment,* Special.

In an action of contract, the defendant in which filed a petition in bankruptcy while the action was pending and obtained a discharge, but, although a suggestion of bankruptcy was filed, the defendant filed no answer setting up his discharge in bankruptcy as a bar to the plaintiff's claim, it was assumed in the record before this court and in the briefs of the counsel on both sides that the discharge had the same effect that it would have had if duly pleaded, and the case was so treated by this court.

In the case mentioned above there was no existing attachment or equitable lien,

---

\* Made in the Superior Court by *Morton,* J., affirming a decision of the Industrial Accident Board.

no bond had been given to dissolve the attachment and no money had been paid into court. The trial judge ruled that the discharge in bankruptcy barred the action and that no special judgment could be entered under R. L. c. 177, §§ 24, 25. *Held,* that the ruling was right.

In an action at law a deposit of money by the defendant's attorney with the plaintiff's attorney acknowledged to have been received " in lieu of attachment bond " cannot be made the foundation of a special judgment under R. L. c. 177, §§ 24, 25, being a form of security not recognized by that statute.

CONTRACT OR TORT for the loss of certain suits of clothes entrusted by the plaintiff to the defendant to be cleaned. Writ in the Municipal Court of the City of Boston, dated September 8, 1913.

At the trial in the Municipal Court of the City of Boston it appeared that the suits of clothes were destroyed on July 26, 1913, by a fire which burned the defendant's premises and which was caused by an explosion of naphtha, that on July 10, 1914, the defendant filed a petition in bankruptcy, and included the plaintiff's name and claim in the schedule of his creditors. On November 19, 1914, a suggestion of bankruptcy was filed.

When the action was begun on September 8, 1913, property of the defendant was attached, and on September 12, 1913, the attorney for the defendant gave to the attorney for the plaintiff $125 and received from the attorney for the plaintiff the following acknowledgment and agreement in writing :

"September 12, 1913.

"Received of Samuel Sigilman, One Hundred, Twenty-five Dollars ($125.00) in lieu of attachment bond in the case of Nathan Fingold *vs.* Morris Schacter, writ brought in the Boston Municipal Court, dated September 8th, 1913, returnable September 27th, 1913, in which the Royal Insurance Company was named as trustee. This amount will be held by me to await the determination of the above mentioned suit. If a judgment is rendered in favor of the plaintiff, this amount or any portion thereof is to be applied in satisfaction of the same, and if judgment is for the defendant, this amount will be returned to Mr. Sigilman ; it being understood that Mr. Sigilman is to enter an appearance as attorney for the defendant.

Wm. J. Holbrook, Atty. for Fingold."

Thereupon the attachment was discharged.

The judge ruled (1) that the defendant was not liable for the loss of the goods by fire unless negligence on his part was proved; (2) that the happening of the explosion was sufficient evidence to sustain a finding that the plaintiff's property was destroyed through the negligence of the defendant, and the judge so found; (3) that the plaintiff's claim against the defendant was barred by the discharge in bankruptcy and that the plaintiff was not entitled to a judgment for his damages, which amounted to $115, nor was he entitled to a special judgment under R. L. c. 177, §§ 24, 25. After making his findings of fact, the judge refused a request of the plaintiff to rule (4) that on all the evidence the plaintiff was entitled to recover under the second count of his declaration, which was a count in tort alleging negligence.

The judge found for the defendant; and at the request of the plaintiff reported the case to the Appellate Division. The Appellate Division made an order dismissing the report; and the plaintiff appealed.

The case was submitted on briefs.

*W. J. Holbrook,* for the plaintiff.

*S. Sigilman,* for the defendant.

BRALEY, J. The evidence having warranted the trial judge in finding that as a bailee for hire the defendant was responsible for the destruction by fire while in his possession of the suits of clothing which had been received for the purpose of being cleaned and returned, the plaintiff suffered no harm from the first ruling. It became immaterial, and the assessment of damages ordinarily would have followed. *Eastman* v. *Sanborn,* 3 Allen, 594. *Brewster* v. *Warner,* 136 Mass. 57, 59. *Lincoln* v. *Gay,* 164 Mass. 537. *Beattie* v. *Boston Elevated Railway,* 201 Mass. 3, 6.

It appears, however, that after the action had been brought the defendant was adjudged a bankrupt, and the plaintiff's claim, although suable in either contract or tort, was provable under § 63 of the bankruptcy act of 1898 as amended by the U. S. Sts. of 1903, c. 487; 1906, c. 3333; 1910, c. 412. *Dunbar* v. *Dunbar,* 190 U. S. 340, 349. *Crawford* v. *Burke,* 195 U. S. 176, 194. *Clarke* v. *Rogers,* 183 Fed. Rep. 518. *Reynolds* v. *New York Trust Co.* 188 Fed. Rep. 611. Having obtained his discharge, the effect of which is assumed in the record and in the briefs of counsel to be the same as if it had been duly pleaded, the defendant, even if the writ was dated more

than four months before the filing of the petition, is freed from all liability, unless by force of the lien which exists where an attachment has been made, or an injunction has issued, or security has been given, the plaintiff is entitled to a special judgment as provided by R. L. c. 177, §§ 24, 25. U. S. St. 1898, c. 541, § 17; § 67 c. *Herschman* v. *Justices of the Municipal Court of the City of Boston,* 220 Mass. 137. *Rosenthal* v. *Nove,* 175 Mass. 559. *Snyder* v. *Smith,* 185 Mass. 58, 61, 63.

But, as no attachment of property remained in force, no bond was given to dissolve an attachment and no payment of money into court is shown, the plaintiff is not entitled to a special judgment under either section, and no general judgment can be entered because of the discharge. The agreement that the money deposited by the defendant with the plaintiff's attorney "in lieu of attachment bond" should be held to await the termination of the action, and then if the plaintiff recovered applied in satisfaction of the judgment, is not within the provisions of our statute and is unenforceable. The third ruling, that the discharge in bankruptcy barred the action and that no special judgment could be entered, and the refusal of the plaintiff's fourth request, were right.

The order dismissing the report should be affirmed.

*So ordered.*