## In re NABORS.

(District Court, N. D. Alabama, E. D., at Anniston. May 16, 1922.)

No. 967.

**Bankruptcy ⚖=145(4)—Claim against the United States for a tort not an asset of estate.**

A claim of bankrupt against the United States, for a personal injury caused by negligence of a soldier, not enforceable, but payable only by special act of Congress, *held* not an asset of his estate which passed to his trustee.

In Bankruptcy. In the matter of W. C. Nabors, bankrupt. On petition to set aside discharge and reopen cause. Denied.

Rutherford Lapsley, of Anniston, Ala., for petitioners.

Blackmon & Holman, of Anniston, Ala., for bankrupt.

CLAYTON, District Judge. Nabors, the bankrupt here, was injured by a government motorcycle being driven by an enlisted soldier of the United States Army on March 9, 1918. He has pending in Congress a claim in the form of a bill to pay him $10,000 damages on account of his injury, and the court is informed that this bill has received the sanction of the Senate of the United States, but it has not passed the House of Representatives.

The petitioners, McAbee & Jenkins, show that they are creditors of the bankrupt, and that he is indebted to them in the sum of $348.95 by provable claim, which has heretofore been duly filed and allowed in this cause. The petitioners further show that on June 15, 1921, the bankrupt filed his voluntary petition, with a schedule of assets and liabilities; that in the conduct of said matter no dividend was paid to the creditors, and that on January 25, 1922, the bankrupt was discharged; and the petitioners show that at the time of the filing of his petition and his discharge the bankrupt failed to schedule as part of the assets of his estate his right of action or claim for damages accruing to him for injuries sustained by him in collision with the motorcycle hereinbefore mentioned.

The petitioners pray for an order setting aside the discharge and reopening the case for further appropriate proceedings in the matter, to the end that the aforesaid right of action or claim of the bankrupt may be administered as a part of his estate. The above claim for injuries sustained in the manner above described by the bankrupt, because of the negligent act of a soldier of the United States, is not a legal liability against the government. If such a claim be paid at all, it will be paid because of the sense of justice or generosity of the Congress. It is manifest that this claim of the bankrupt against the United States government does not pass to the trustee or creditors in bankruptcy as a part of his estate.

A claim for unliquidated damages resulting in personal injuries on account of negligence is not a provable debt. Imbriani v. Anderson, 76 N. H. 491, 84 Atl. 974; In re New York Tunnel Co., 159 Fed. 688, 86 C. C. A. 556; Brown & Adams v. United Button Co., 149 Fed. 48, 79 C. C. A. 70, 8 L. R. A. (N. S.) 961, 9 Ann. Cas. 445, 565; Weisfield

⚖=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

v. Beale, 231 Pa. 39, 79 Atl. 878; Kellogg v. Schuyler, 2 Denio (N. Y.) 73; In re Schuchardt, 8 Ben. 585, Fed. Cas. No. 12483; Beers v. Hanlin (D. C.) 99 Fed. 695. The principle underlying this case differentiates it from a claim for the conversion of personal property, for the latter is a provable debt, because it does not arise out of injury to the person. Pitcairn v. Scully, 252 Pa. 82, 97 Atl. 120; Cole v. Roach, 37 Tex. 413; Fingold v. Schacter, 223 Mass. 274, 111 N. E. 903.

The principle controlling in this case is stated in German Bank, etc., v. U. S., 148 U. S. 573, 13 Sup. Ct. 702, 37 L. Ed. 564, to be that—

"It is a well-settled rule of law that the government is not liable for the nonfeasances or misfeasances or negligence of its officers, and that the only remedy to the injured party in such cases is by appeal to Congress."

And that—

"If this be treated as a case of tort, then it is clear that the government is not liable, not only on the ground above stated, but because, under the act of Congress conferring jurisdiction upon the Court of Claims (24 Stat. 505, c. 359), there is an express exception of cases sounding in tort."

It is established beyond dispute that the alleged claim is based entirely on the tort committed by one of the government soldiers, and the matter here must be governed by the rule declared in the above adjudicated case. It follows that the cause of action for the personal injury does not pass to the trustee in bankruptcy or the creditors, and that the bankrupt's claim for personal injuries cannot be administered as a part of the bankrupt estate. North Chicago Street Ry. Co. v. Ackley, 171 Ill. 100, 49 N. E. 222, 44 L. R. A. 177; Jones v. Clifton, 101 U. S. 225, 25 L. Ed. 908; Brandies v. Cochran, 112 U. S. 344, 5 Sup. Ct. 194, 28 L. Ed. 760.

The title to property which is vested in the trustee of the bankrupt estate is governed by section 70 of the Bankruptcy Act (Comp. St. § 9654). The position of the petitioners, that the title to the claim against the government for damages became vested in the trustee under subdivision 3 or under subdivision 5 of said section, is not tenable. The first-named subdivision deals with technical powers under the common law, and does not apply to the right of action for personal injury. The other subdivision passes to the trustee—

"property which prior to the filing of the petition he could by any means have transferred, or which might have been levied upon and sold under judicial process against him."

The claim here, for damages growing out of a tort alleged to have been committed against the person of the bankrupt, manifestly could not have been levied upon and sold under judicial process. Moreover, the alleged claim being only of a personal nature, the bankrupt could not be compelled to prosecute it. Rights of action arising upon contract, or from the unlawful taking or detention of or injury to the bankrupt's property, pass to the trustee as assets; but this does not include an action for tort resulting in personal injury. The authorities above cited sustain this proposition.

Accordingly decree and order will be entered sustaining the demurrer to the petition, and denying the relief prayed for by the petitioners.