Merrimack, }
March 5, 1929. }

LEON ST. LOUIS *v.* BOSTON & MAINE RAILROAD.

*Osgood & Osgood (Mr. Anson G. Osgood* orally), for the plaintiff.

*Demond, Woodworth, Sulloway & Rogers (Mr. Jonathan Piper* orally), for the defendant.

MARBLE, J.   1. The plaintiff claimed to have received an injury to his right leg which caused the reopening of an old wound inflicted in 1922.  It was his contention that his leg had completely healed before the accident of 1924, while the defendant claimed that the condition created in 1922 still persisted.  According to the original notes made at the hospital where the plaintiff was taken immediately after the collision, he had been brought there in an intoxicated condition.  Under the heading "Past History" it was stated that a wound in his right leg caused by an accident in 1922 had never healed and was continually discharging.

The physician who was summoned to the scene of the collision testified that the plaintiff had not been drinking; that a patient's history sheet does not become a record of the hospital until the attending physician approves it; that in the present instance the original memorandum was incorrect and that he had not permitted it to be filed until the words "in an intoxicated condition" had been omitted. He further testified that the plaintiff had no discharging wound while at the hospital, and that the statement to that effect in the history sheet which he had approved was an error.

In corroboration of this testimony the plaintiff introduced what was claimed to be the daily record of the nurses' treatment of his case known as bedside notes.  There was nothing contained in these notes to indicate that any dressings had been applied to his leg during the eight days that he had been in the hospital.

Subject to exception, the bedside notes were introduced through a former assistant superintendent of the hospital who, at the time of the trial, had not been connected with the institution for two years. It had never been her duty to take charge of these notes and she had never had them in her custody.  On the contrary she testified that there was a record clerk under whose immediate supervision these particular records were kept.  Her identification of the notes consisted

merely in her statement that she believed a paper handed her by counsel for the plaintiff comprised the official bedside notes in the plaintiff's case. At the oral argument counsel for the plaintiff conceded that the notes could not be properly proved by this particular witness, but argued that the defendant was precluded from raising the question because of the limited grounds of its exception.

When the notes were offered in evidence, defendant's counsel stated: "It seems to me records of this kind are not competent unless you identify them by the people who made them. I don't understand that this witness made them, and for that reason it doesn't seem to me they can be competent, without accounting for the people who had the care of this man and who were in the employ of the hospital at that time. For that reason I object to it." There was then an unreported discussion at the judge's desk, after which the proffered evidence was admitted. Thereupon counsel stated his formal exception, which was on the broad ground that the record had not been duly proved.

It is undeniably true that where modern business methods are employed, some modification of the old rule governing the proof of entries made in the regular course of business is demanded. 3 Wig., Ev. (2d ed.), s. 1530. In most instances of records inscribed by various persons the production of one verifying witness should be sufficient, provided the trial court is given the discretion "to require the entrant's production for cross-examination where the nature of the dispute renders it desirable." 3 Wig., Ev. (2d ed.), s. 1521. The entries in the present case were unsigned and appeared to be in the handwriting of different individuals. There were thirty-one pupil nurses in the hospital during the time the plaintiff was there. Under such circumstances, proper verification by the record clerk would doubtless have rendered the bedside notes admissible. State v. Roach, 82 N. H. 189, 192; Roberts v. Company, 78 N. H. 491. But at the time the notes were offered it did not appear that there was an official custodian of these records, and the person who was presented as a verifying witness had neither made the notes nor kept them, and did not pretend to vouch for their authenticity. All proof of correctness could not well be dispensed with, and so far as then appeared, the notes could be competently substantiated only by the nurses themselves. Mason v. Railway, 79 N. H. 300, 303.

On the other hand, it is very probable that the actual situation was disclosed during the unreported discussion and that defendant's counsel for that very reason intentionally phrased his exception in

comprehensive terms. This would seem to be borne out by the fact that in the cross-examination which followed the ruling of the presiding justice there was an immediate inquiry concerning the respective duties of the witness and the record clerk. Interpreted in the light of these circumstances, the exception cannot fairly be given a restricted meaning. The notes were erroneously admitted, and the verdict must therefore be set aside.

2. The defendant's second exception relates to the admission of evidence that people were accustomed to walk on the track at the point where the plaintiff was injured. Inasmuch as the same evidence may be offered at the next trial, the exception has been considered.

There was testimony that a ridge of ice, which had been formed by clearing snow from the rails, separated the track from the main thoroughfare. While all the evidence pertaining to liability has not been transferred, presumably the track was within the limits of the highway. The plaintiff's horse was running away. The sled was dragged over the ridge of ice onto the track where the horse fell, and the plaintiff was lying on the sled in the middle of the track when the collision occurred.

The defendant admits that if the plaintiff had been walking on the track when injured the fact that other people walked there would have been relevant, but argues that since he was carried there by a runaway horse the necessary relation on which to predicate the admissibility of the evidence is lacking. *Garland* v. *Railroad*, 76 N. H. 556.

The purpose of the testimony was to charge the defendant with notice that human beings, in the exercise of their right to use the highway, might be upon the track, and the fact that the plaintiff, as an incident to his use of the highway, came there involuntarily did not take him out of the general class of persons whose presence the defendant was required to anticipate. The evidence was therefore admissible.

*New trial.*

PEASLEE, C. J., was absent: the others concurred.