## SESKIN v TRICE

Ohio Appeals; 8th Dist, Cuyahoga Co, No. 11616. Decided June 15, 1931

Samuel Rembrandt, for Seskin.
Uible & Eaken, Cleveland, for Trice.

MAUCK, PJ and MIDDLETON, J (4th Dist) and FARR, J (7th Dist) sitting.

FARR, J.

On the 15th day of December, 1930, the cause for personal injuries was called for trial in the Court of Common Pleas and the court rendered a judgment. Therefore it will be seen that the real issue here involved is the right of plaintiff in error without attempting to have liquidated the damages involved in the action in the Court of Common Pleas may be discharged from such claim in a bankruptcy proceeding, that is whether or not a claim for unliquidated damages is provable in a bankruptcy proceeding, the claim for damages being duly scheduled in the bankruptcy proceeding.

This issue has been before different tribunals on a number of occasions and probably there is no clearer statement of the rule than that found in Note 25 Chapter 7 of the United States Code Annotated, where it is observed as follows:

"A claim for damages for a tort, not connected with any contractual liability and not reduced to judgment before the filing of the petition in bankruptcy is not a provable debt."

"Unliquidated claims arising ex delicto are not provable in bankruptcy under this section despite Section 35 of this Title (Bankruptcy Act) though if a tort feasor obtains something of value there may be a provable claim quasi ex contractu.

"A claim for unliquidated damages for negligence resulting in personal injuries is not a provable debt. Imbriani v Anderson (1912) 75 N. H. 491, 84 A. 974."

In harmony with the foregoing is:
3 R. C. L. 243 and 8 L. R. A. (N.S.) 961, where it is said:

"It has been generally held, not only under the Bankruptcy Act of 1898, but under the preceeding bankruptcy laws, that unliquidated damages arising purely ex delicto are not provable in bankruptcy. Thus a claim for unliquidated damages resulting from injury to the property of another not connected with or growing out of any contractual relations must be rejected by the bankruptcy court." Brown v United Button Company, 148 Fed. 48.

5. O Jur. page 173 reads as follows:

"Unliquidated claims therefor cannot be

proved before liquidation as a matter of course. If a cause of action continues a liability for damages when the debtor is adjudicated in bankruptcy, it is settled that it is not a debt or claim provable in bankruptcy." **John A. Roebling Sons Company v Shawnee Valley Coal and I. Company, 4 O. N. P. N. S. 113;** affirmed without opinion **78 Oh St, 408.**

7 C. J. Page 300, paragraph 11:

"A verdict allowing damages for personal injuries where no judgment is entered thereon before intervention of bankruptcy proceedings is not a 'fixed liability' allowable in the bankruptcy proceedings." 183 Fed. 988, 26 Am. Bank 273.

Plaintiff in error cites one case to sustain his contention and that is Pedder v Massey, 33 O. L. R. 382. However, upon an examination it is disclosed that said case is not applicable in the instant case.

The proposition that an unliquidated claim for damages is not provable in a bankruptcy proceeding is well settled in this jurisdiction and further discussion or comment is unnecessary.

For the reasons given, the judgment is affirmed.

MAUCK, PJ, and MIDDLETON, J, concur.