Hillsborough, &#125;
May 2, 1933. &#125;

WASYL GOLEJ, *Adm'r v.* MESSROP VARJABEDIAN.

ANDREW GOLEJ, *by his next friend v.* SAME.

*Hurley & Connor (Mr. Connor* orally), for the plaintiffs.

*Wyman, Starr, Booth & Wadleigh (Mr. Ralph E. Langdell* orally), for the defendant.

BRANCH, J.   1.   The defendant testified that while he was traversing a distance of 500 feet before the accident he was blinded by the lights of an approaching car, but that he still "maintained the same speed . . . And did nothing." He was then asked the following question: "Did you realize that night, as you were going along, blinded at least 500 feet or more, that somebody might be walking along the side of the road?" To this question the defendant objected on the ground that "this isn't a case of walking." The court overruled this objection and subject to the defendant's exception the question was answered in the affirmative. Defendant seasonably requested the court to charge the jury as follows: "No breach of duty as to persons who might be travelling on foot can be used by you as evidence of negligence against the defendant in this case." This request was denied and the defendant excepted.

The argument that evidence of the defendant's conduct with respect to pedestrians threw no light upon the character of his conduct with reference to the occupants of the team presents no serious difficulty.

It was the duty of the defendant to operate his car with due regard to the safety of all other travelers upon the highway. The purpose of the testimony was to charge the defendant with notice that human beings in exercise of their rights to use the highway might be within his line of travel. *St. Louis* v. *Railroad*, 83 N. H. 538, 541. Highway travelers are not divided by law into mutually exclusive classes according to their means of locomotion. Evidence of the defendant's disregard of the safety of pedestrians whose possible presence he realized justified the inference that he was careless of the rights of other travelers who might be occupying the same portion of the roadway. The evidence was clearly admissible and the requested instruction was properly denied.

2. The defendant argues that "where damages are prospective the gross amount thereof should be reduced to present worth"; and that "The sum given must be the present worth of the future pecuniary benefits of which the beneficiary has been deprived by the wrongful act, neglect, or default, of defendant." 17 C. J. 1328. Judged by this standard it is asserted that the verdict of $5,212.50 in the first case was excessive.

Under our statute (P. L., c. 302, s. 12) as construed in the decisions of this court (*Morrell* v. *Gobeil*, 84 N. H. 150; *Pitman* v. *Merriman*, 80 N. H. 295; *Imbriani* v. *Anderson*, 76 N. H. 491), the rule of damages is substantially as above set forth, but the defendant is in no position to complain if a different rule was applied at the trial since no exception was taken to the instructions of the court upon this issue.

The court charged the jury in part as follows: "You may also consider the boy's capacity to earn money during the probable duration of his life, had he not been killed. This earning capacity for his estate must, of course, depend upon what, with reasonable certainty, he may be deemed to have been capable of producing in his lifetime for his estate, and must not include what he would consume in his necessary living expenses." Nowhere in the charge was the jury instructed to compute the present value of the benefits which the estate would have received if the deceased had lived out the period of his expectancy of life.

No exception having been taken to this instruction it became the law of the trial, and it must be assumed that in passing upon the motion to set aside the verdict the court applied the same rule which had been given to the jury. *Hawkins* v. *McGee*, 84 N. H. 114, 118. Whether a verdict shall be set aside because the damages are excessive is a question of fact determinable by the trial court. *Meloon* v.

*Read,* 73 N. H. 153; *Clark* v. *Manchester,* 64 N. H. 471; *Paine* v. *Railway,* 63 N. H. 623; *Merrill* v. *Perkins,* 61 N. H. 262. Upon such questions the findings of the trial court will not be disturbed unless it clearly appears that they were made without evidence. "This is the rule applied in this jurisdiction as to all questions of fact, or so-called matters of discretion." *St. Laurent* v. *Railway,* 77 N. H. 460, 462; *Bennett* v. *Larose,* 82 N. H. 443.

3. In their brief, counsel for the plaintiff clearly intimate that if the verdict in the first case is sustained they do not urge serious consideration of their claim that the verdict in the second case was inadequate. For this reason, as well as for those suggested in the preceding division of this opinion, the plaintiff's exception in the second case is overruled.

*Judgments on the verdicts.*

All concurred.