Rockingham,
June 28, 1934.

ANNIE E. BUTTRICK *v.* ESTELLE FLYNN.

TALBERT BUTTRICK *v.* SAME.

*Sewall & Waldron* and *Frederick J. Grady,* for the plaintiffs.

*O'Connor & Saidel* (*Mr. Saidel* orally), for the defendant.

PER CURIAM. The defendant does not deny that there was evidence of her fault, but argues that the evidence conclusively demonstrates the fault of the plaintiff Talbert and that his negligence "was the efficient, sole and proximate cause of the accident." The argument is that the testimony of the plaintiff Talbert demonstrates that he negligently insisted on his supposed right of way and failed to apply his brakes after the likelihood of a collision became evident to him. It is sufficient to say that the testimony does not sustain this contention. The only evidence upon this point referred to by the defendant was the answer of the plaintiff Talbert to the inquiry, why he did not put on his brake when he first saw the defendant coming down the Londonderry road about 100 feet away, as follows: "A. Well, I didn't have to; I was by the intersection." This statement is wholly inadequate as a basis for the assertion that he insisted upon his supposed right of way in the face of impending disaster.

No tangible reason has been suggested for the defendant's contention that the verdict in the case of the plaintiff Talbert was, as a matter of law, excessive. In the case of the plaintiff Annie, the defendant contends that the verdict of $4,191 was excessive because the evidence did not justify a finding that she suffered a hernia as a result of the accident. A sufficient answer to this contention is found in the testimony of the physician who attended her, who gave it as his opinion that she was suffering from hernia and that the accident caused it. The force of this testimony was not destroyed, as a matter of law, by that of the defendant's experts, who gave contrary opinions.

*Judgments on the verdicts.*