## STATE ex FULTON v CRUIKSHANK

Ohio Appeals, 3rd Dist, Putnam Co

No 282.   Decided Jan 9, 1935

of the bank thereon ordering the claim of said bank for the amount due it on said stock withdrawn as a claim against said estate, vested the title to said stock in said bank and rendered him not liable for the assessment for superadded liability subsequently made thereon.

We will discuss the contention of the defendant in error in the order mentioned.

In 62 A.L.R. at page 995, the general rule is stated that:

"Where a stockholder's liability is contingent, unfixed, or unliquidated at the time of his bankruptcy the same is not discharged by his discharge in bankruptcy."

Among other cases cited in support of this rule, is the case of Garrett v Sales, (1880) 1 Federal, 371 (affirmed in 1884) 110 U. S. 288, 4 Supreme Court Reporter, 90.

The case of **John A. Roeblings Sons Company v Shawnee Valley Coal & Iron Company et, 4 Ohio Nisi Prius (N.S.) 371,** affirmed in **78 Oh St 408,** also supports the rule mentioned. In this case the court quotes with approval from the decision of the United States District Court, N. D., E. D., before Harold Remington, Referee In the Matter of Benjamin L. Rouse, Bankrupt, reported in 40 Bulletin, pages 220 and 226, and also reported in 1 American Bankruptcy Reports at page 393. See also, **Seskin v Trice, 10 Abs 595.**

In the case at bar the petition in bankruptcy was filed June 3, 1929, a year before the bank was taken possession of by the superintendent of banks for the purpose of liquidation, and the discharge was granted on October 26, 1929, and related to all debts and claims which were made provable by the acts of congress relating to bankruptcy against the estate of John Clarence Cruikshank which existed on June 3, 1929. At the time the petition was filed and at the time the discharge was granted, no state of facts existed authorizing the assessment of the superadded liability of stockholders, and no proceeding had been had or action brought to fix and/or liquidate such liability, and the liability of the stockholders was contingent, unfixed and unliquidated and was therefore not a provable claim against the bankrupt's estate and consequently the same was not discharged by his discharge in bankruptcy.

It further appears from the decision in the case of **Fulton, Superintendent of Banks v Wetsel, 42 Oh Ap, page 72, (12 Abs 65),** which has been recently affirmed by the

### OPINION

**By GUERNSEY, J.**

From the foregoing agreed facts the liability of Cruikshank as a stockholder of said bank for such superadded liability is established, unless, as contended by the defendant in error, he cannot be charged with such liability for the following reasons:

First. That his discharge in bankruptcy operated as a discharge of any claim against him for said superadded liability.

Second. That said order directing said trustee in bankruptcy to transfer said stock to said bank in full liquidation of the lien

Supreme Court of the United States, that the exclusive power to assess superadded liability of stockholders of Ohio banks is vested in the superintendent of banks upon taking possession of the bank for the purpose of liquidation, and until the action taken by the superintendent which was almost two years after the discharge in bankruptcy, there was no authority for fixing such liability.

Such being the state of the law, the discharge of Cruikshank in bankruptcy did not have the effect of barring suit to recover superadded liability on said stock.

With reference to the second contention. In **10 Ohio Jurisprudence at page 608,** it is stated that:

"If one selling stock desired to relieve himself from the assessment for the payment of the debts thereafter incurred it was his duty to see that the transfer appeared on the books of the company."

And the cases of **Harrick v Wardwell, 58 Oh St 294,** and **W. C. Byals & Company v Charles S. Lucker Company, 17 O.C.C. 538,** affirmed in **63 Oh St 561,** are cited in support of this proposition.

The third subdivision of the syllabus in the Harrick case reads as follows:

"The stockholders of a corporation whose names appear on the stock book, or in the absence of such book, on stubs of stock certificates, as holders of stock, are subject to a stockholders liability for debts incurred by the corporation while such names are allowed to so remain. To avoid such liability, it must appear on the stock book in the one case, or on the stub of the stock certificate in the other, that the stock has been transferred to some one else."

This rule is approved and followed in the Byals case, supra.

Applying this rule to the facts in the instant case, it appears that no transfer was made on the books of the banking corporation, of the stock ordered transferred by the referee in bankruptcy, and as such stock appears on the books of the banking corporation in the name of Cruikshank, he is liable for the superadded liability assessed thereon.

Holding these views, the judgment of the lower court will be reversed and final judgment entered for plaintiff below for the amount of said superadded liability, to-wit, the sum of $1000 with interest from October 1st, 1930, at costs of defendant in error. Cruikshank.

CROW, PJ, and KLINGER, J, concur.