Rockingham,
May 5, 1936.

MARY K. ZEROYAN *v.* EUGENE D. DUNCAN.

*William H. Sleeper* (by brief and orally), for the plaintiff.

*Devine & Tobin* (*Mr. Devine* orally), for the defendant.

PAGE, J. The exceptions to the denial of the motions for a nonsuit and directed verdict were expressly waived during argument and have not been considered.

The motion to set aside the verdict assigned all of the usual grounds. The only one briefed or argued is that the award of damages was excessive. The evidence warranted the following findings in respect to damages: the plaintiff suffered fractures of both knee-caps, multiple cuts and abrasions about the body, and the fracture of two ribs. She was at the time pregnant, and as a result of the difficulty of changing her position caused by this accident she suffered unusual discomfort and pain from the pregnancy. The rib fractures caused pleurisy. The recovery has been satisfactory except with respect to one knee.

The left knee-cap was not so badly shattered as the other. The fracture was reduced by ordinary methods and the leg encased in a plaster cast. The right knee-cap was badly shattered and required operative treatment. Some fragments of the bone, ranging up to the size of a thumb-nail, had to be removed. The other fragments were sutured together, the opening closed and dressed, and the right leg put into a cast.

She stayed in the hospital for twenty-six days and was then permitted to go home wearing the plaster casts. About two weeks later she returned to the hospital for fifteen days more, during which time the casts were removed and physio-therapeutic treatments were given. During all of this time, she suffered much pain, continued to suffer thereafter and still suffered occasionally at the time of the

trial.  Her surgeon's bill was $540.  The amount of the hospital bill does not appear.

The left knee now has good motion and may be considered as completely cured.  The right knee is lined up and, as far as the fracture is concerned, is cured.  But she has a limitation of motion caused by atrophy of the muscles.  At the time of trial, some further improvement was to be expected, but she will probably have a permanent limitation of at least one-third of its motion.  At the trial, she still had to use a crutch.  As to the probability of her dispensing with the crutch, her surgeon testified: "That will depend entirely on the stability she has got left in that leg.  She has got to bear more on her leg or she will have to use a crutch.  She has free lateral motion, knee wobbles, it's unstable.  That's probably more her picture in her true loss of muscle power, there is an instability of knee.  I can walk her now without a crutch but she is unstable and if you let her go she is going to fall and do damage."

Asked whether she was going to be able to use the knee considerably more than she did then, ten months after the accident, the surgeon replied "Possibly."  He would want to let it set for a while and see if she did have improvement.  She had not improved in the two months prior to trial; if she was going to improve to any extent, she would have improved more in that time; some improvement was to be expected; it was problematical whether she would improve enough to resume her usual duties.

The plaintiff was thirty-one years old at the time of the accident and in good health.  She had done her housework and helped her farmer husband in the garden.  It cannot be said as a matter of law that the award of $7500 was excessive for the damages already suffered and probably to be suffered in the future.  The defendant relies principally upon doubts as to future disability, but the testimony of the surgeon warranted a finding of a reasonable probability of permanent disability of a serious nature.  *Buttrick* v. *Flynn*, 87 N. H. 45.  Whether a verdict should be set aside because the damages are excessive is a question of fact determinable by the trial court, and its findings will not be disturbed unless it clearly appears that they were made without evidence.  *Golej* v. *Varjabedian*, 86 N. H. 244, 246, and cases cited.

The defendant was allowed an exception to the following argument by the plaintiff's counsel: "Now that woman has tried as best she could to make it better.  She has put on hot applications as the doctor has told her and she has done everything she could and she isn't

getting any further improvement. The reason for that is she has got all she can get."

The statement of fact about hot applications had support in the plaintiff's testimony. "Q. Have you taken your treatment from your doctor? A. Yes and I have treatment in the house too. Q. What do you have in the house? A. Hot water and towel and rub." Asked how many times she had seen the doctor since leaving the hospital, she answered three. "Has the doctor told you to come in and have more treatments? A. Yes. Q. But you didn't go down? A. I can't go. Q. But the doctor advised that you have more treatments, hasn't he? A. Yes, he says try all you can, by hot towel and rub and he says come into me but the baby was kind of nervous and I was not feeling good and I got no car, that's what the matter with it." It appeared that the baby was born on March 29.

It was proper to ask the jury to believe that the plaintiff had done what she could for her own cure, that she was getting no further improvement, and (in view of the surgeon's doubtful testimony as to the prospects of further material improvement) that she would not get better.

The further argument excepted to was this: "She has got a permanent injury and she is never going to get over it and on the evidence it seems to me fair to suggest to you twelve men that we haven't asked for a dollar too much in this suit in making the claim for Ten Thousand Dollars." There is no question that the evidence pointed to a permanent disability; granting that a reasonable man might conclude that further treatments would result in improvement, the extent of such improvement was problematical, and a complete recovery was beyond any probability suggested by the evidence. No statement was made not reasonably inferable from the evidence.

*Judgment on the verdict.*

All concurred.